(No. 14804.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAMUEL PROVENZANO, Plaintiff in Error.

*Opinion filed December 19, 1922.*

1. CRIMINAL LAW—*when testimony of prosecutrix is weakened by fact that she made no complaint within reasonable time.* In a prosecution for rape, where the testimony of the prosecutrix is not corroborated in any way, the fact that she made no complaint of the defendant's conduct until the birth of her child affects the weight to be given her testimony, and before a judgment of conviction can be sustained on such testimony, alone, there must be no serious error in the rulings of the court on the trial.

2. SAME—*what remark by court in presence of jury is prejudicial.* In a prosecution for rape, where counsel have objected to the court's statement that "the act was committed in September, 1920," on the ground that the court should have said "the alleged act," it is prejudicial error for the court to remark that there is "no question as to the act," as such statement invades the province of the jury and conveys an impression that the court believed the defendant committed the act.

3. SAME—*when court may admit evidence of offer of settlement in a prosecution for rape.* In a prosecution for rape, where the prosecutrix made no complaint until the birth of her child and the defendant denies any knowledge of the act, the court may admit evidence tending to prove that the prosecutrix's father or husband, or some other person, offered to make a money settlement with the defendant, provided it is shown that the person so offering was authorized to represent her.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

MICHAEL COSTABILE, (THOS. E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Samuel Provenzano, was indicted, tried and convicted in the criminal court of Cook county of the crime of rape committed on a female under the age of sixteen years and was sentenced to three years in the Joliet penitentiary. The indictment upon which the case was tried is in three counts. The first count charges rape with force on the prosecutrix, who was under sixteen years of age; the second count charges rape without force upon the prosecutrix, who was under sixteen years of age; and the third count charges forcible rape upon the prosecutrix, without stating her age. The case has been brought here by writ of error.

The record shows substantially as follows: In September, 1920, Cecilia Di Ruscio, the prosecuting witness, lived with her parents in Chicago Heights, in Cook county. Provenzano was a shoemaker in that city, and ate and slept in the back part of his shop. The complaining witness testified that about September 14, 1920, she went to Provenzano's shop to get her shoes, which were being repaired by him; that on opening the door she asked if they were ready, and he replied they were and were "over there;" that she came into his shop, and he thereupon closed and locked the door, grabbed her and took her into a room, threw her on the bed and lifted up her dress; that she cried out and resisted in every way possible and that he by force compelled her to have intercourse with him; that when she arrived home she found a five-dollar bill in her shoe. She also said that she did not tell her mother or anyone else about what had taken place. The evidence also shows that as the complaining witness was not feeling well her mother sent for Dr. Schreiber, who left some medicine but made no examination, and the complaining witness testified that she did not say anything to the doctor about what trouble she had been in and that even her mother did not know that she was soon to have a child born. The evidence also shows

that a child was born to the complaining witness on May 2, 1921, dying the same day. It also shows that thereafter she was married to one Masset, (or Misiti,) and was living with him as his wife at the time of this trial.

The mother of complaining witness testified that she did not remember when her daughter was born but that she knew how old she was; that her daughter became fifteen years of age in December, 1921, four days before Christmas and just before being married to Masset. The complaining witness testified in regard to her marriage that at the time the license was obtained for that ceremony she signed her name to a paper in the county clerk's office stating that she was seventeen years of age; that her mother was there at the time and made the same statement as to her age, but that she was not seventeen years old at the time mentioned.

Two witnesses were subpœnaed by plaintiff in error, who, it is admitted in the record, were unable to be present to testify at the time of the trial, and it was agreed in court, to avoid a continuance, that if these two witnesses were present they would testify before the jury to the effect that both of them were present at the time the child was born to the complaining witness and heard her parents say to her, "Blame the shoemaker for it." The making of this statement was denied by both the mother of the complaining witness and the midwife who was present at the time the child was born, the mother and the midwife and the complaining witness each testifying that neither of the absent witnesses was present at the birth of the child.

Plaintiff in error testified that he was fifty-one years of age, a bachelor, and that he knew complaining witness; that she had brought her shoes to his shop to be repaired several times; that her father and mother often came to see him at the shop. He denied that he had sexual intercourse with her at any time, and testified that the first he knew that he was accused of such an act was when he was arrested; that as near as he could recollect, complaining witness had not

been in his shop for about three years before the trial; that he lived in the shop where he did a shoe repairing business and had a passageway from the workroom back to his sleeping and eating quarters. Several witnesses testified in plaintiff in error's behalf that he had borne a good reputation.

Counsel for plaintiff in error claim that the case should be reversed because the verdict rests upon the uncorroborated testimony of the prosecutrix; that her testimony is greatly weakened by the fact that she never complained until after a child was born to her; that the verdict is not supported by a preponderance of the evidence and must have been the result of passion or prejudice on the part of the jurors. It does seem quite plain that the testimony of the prosecuting witness is not entirely clear and consistent; that her testimony is not corroborated in any way and is greatly weakened by the fact that she did not complain within a reasonable time after the alleged act and not until the child was born, and therefore it is especially important that there should not be any serious prejudicial error in the rulings of the court as to the admission or exclusion of evidence or as to other questions of law. This court said in *Cunningham* v. *People,* 210 Ill. 410, that when the complaint is not made immediately, unless the delay is satisfactorily explained, its value as evidence is much weakened, and when the complaint is made, not as the spontaneous act of the prosecutrix but as a recital of facts connected with a past transaction, it is in the nature of hearsay evidence and has but little, if any, probative force as evidence. In Wharton on Criminal Evidence (vol. 2, sec. 946,) the learned author says: "Deportment and conduct, which is grounded upon the laws of our moral nature, under normal conditions is consistently characterized by truth and honesty, and those characteristics are persistent to such an extent that their absence necessarily detracts from the credibility of the person. Thus, where a person has just reason to complain of personal injury or of violated honor there is generally prompt

and unequivocal indication of that sense of wrong which acts of violence instinctively arouse in every human mind. This is particularly characteristic of the crime of rape, where the relevancy, no less than the weight, of the evidence depends upon prompt complaint, as immediate resentment of the wrong is the strongest corroboration of the fact that the crime was committed [by the defendant] by force and against consent." These authorities on this point are in harmony with the general weight of authority on this question in all jurisdictions, and under them it must be conceded that the evidence of the complaining witness in this case must be carefully scrutinized before a conviction, solely on her testimony, is sustained.

While the complaining witness was being examined a point was raised on some of the questions as to her age at the time of the alleged offense, and part of this examination took place out of the presence of the jury, but after the jury returned and the examination was continued in their hearing the court said with reference to one of the questions asked by counsel for plaintiff in error: "How would that be material if she were seventeen in December, 1921? At the time of this alleged intercourse she would still be under sixteen. It doesn't impeach her." Counsel for plaintiff in error then continued: "But it isn't a question, under the indictment, that the crime was committed when she was over sixteen. That isn't what I want to show. I want to show that she made a false statement on this date." Counsel for the State then said, "That wouldn't make any difference." The court added, "We are not interested with her false statements. * * * You can't impeach anybody by simply showing that they lied sometimes." After further discussion between court and counsel the court said: "The question before this jury is, Was she under the age of sixteen? * * * The act was committed in September, 1920." Counsel for plaintiff in error said, "That is the alleged act—not the act." The trial court answered, "No

305—32

question as to the act. The only question here is whether
the man had intercourse with her." It is insisted by coun-
sel for plaintiff in error that this statement of the court was
seriously prejudicial to plaintiff in error as to whether or
not he was guilty of the act; that in effect it told the jury
that the court believed that he committed the act, when that
question should be left to be passed on solely by the jury.
It was said by the Supreme Court of Oregon in *State* v.
*Lucas,* 24 Ore. 168, in a very similar case, as to a remark
of the trial court in that case: "To say the least, this was
an unfortunate remark, and while it was no doubt an hon-
est expression of the court's opinion and only in answer to
the argument of counsel, it was certainly invading the prov-
ince of the jury, who are, under our system, the exclusive
judges of the credibility of a witness, and was prejudicial
error." The same rule as to invading the province of the
jury has long been held to be the law in this State.

It is also argued that the court seriously erred in its
rulings with reference to the attempt by counsel for plaintiff
in error to prove that the friends or relatives of the com-
plaining witness had attempted to settle the case out of court
by a money payment from plaintiff in error; that counsel
for plaintiff in error asked the complaining witness when
on the stand, "Do you know of your father asking this de-
fendant for a certain amount of money and he would then
drop the case if he paid him some money?" Witness at
once answered, "No," and before she finished her answer
counsel for the State objected to the question, and witness
continued, "I did not." The court then said, "Objection
sustained." Counsel for plaintiff in error did not continue
any further as to the question whether the father had at-
tempted to obtain money. Later in the trial, while plaintiff
in error was on the stand, he was asked if the husband of
the complaining witness, after the marriage, had not talked
with him, and the court, interrupting, said: "Just a minute.
What difference does that make?" Counsel for the State

then said, "Object," and the court said, "Sustained." Counsel for plaintiff in error then objected to the ruling of the court on that point and excepted, and the court then said, "What he did would make no difference." After some further discussion between counsel for plaintiff in error and the court, the court said, "She is not bound by it, neither is the State." The objection to that question was sustained.

While these questions of counsel for plaintiff in error were not put in the most accurate way as to attempting to show that the complaining witness herself, or by her agents, had made advances to the plaintiff in error as to settling the case, there is merit in the argument of counsel for plaintiff in error that on a question of this kind considerable latitude should be allowed in examining witnesses as to testimony that may have any bearing on showing that the complaining witness, or her agents, made offers of money settlement. The trial court's remarks in the present case when the complaining witness was being examined, when he quickly sustained the objection without allowing any explanation as to why the question was asked if her father had not been to plaintiff in error to settle the case for money and without allowing any further questions, could easily have led the jury to think that the question had no bearing on the weight to be given to plaintiff in error's testimony on the vital points of this case. The court's remark when plaintiff in error himself was being examined as to whether the husband or other persons purporting to represent the complaining witness had not come to him to ask him to make a money settlement might have had a like effect. Under the authorities, if plaintiff in error could have shown that the father or the husband, or anyone else who was shown to have authority to represent the complaining witness, had been to him to offer a money settlement, such proof should have been allowed in order to show the weight that was to be given to the testimony of the complaining witness.

This case presents some very peculiar features with reference to the testimony of the complaining witness, among them being that she failed to complain immediately after the act in question is alleged to have occurred, and after the birth of the child she married her present husband and the husband traded with plaintiff in error and appeared to be on friendly terms with him. If both the father of complaining witness and her husband made attempts to obtain a money settlement from plaintiff in error it would greatly weaken her testimony as to the truth of her charge against plaintiff in error. The case for the State is weakened also by the fact that it was admitted that two witnesses for the plaintiff in error would, if present, testify that they heard the parents tell the prosecuting witness at the time the child was born, to "blame the shoemaker for it." Furthermore, the State's case is not strengthened any by the complaining witness' testimony that she found a five-dollar bill in the shoe after she arrived home.

In view of the evidence in this record we think this case should be heard by another jury, with an opportunity for the jury to receive all proper evidence as to whether or not the husband or father of the complaining witness, or any other agent shown to be acting for her, had made attempts to make a money settlement with plaintiff in error, and the further opportunity to obviate any other errors this opinion holds were made on the former hearing, particularly as to the statements of the court when counsel for plaintiff in error said "the alleged act," and the court immediately replied, "There is no question as to the act."

Certain other questions were raised in the briefs which we deem it unnecessary to discuss here.

The judgment of the criminal court of Cook county will be reversed and the cause remanded for such further proceedings as to justice and right may appertain.

*Reversed and remanded.*