THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH TOMPKINS, a/k/a Boskie Prater, a/k/a Boxie Prater, Defendant-Appellant.— THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUDY SILAS, a/k/a Rudy Madden, Defendant-Appellant.

Second District (2nd Division)   Nos. 74-416, 75-237 cons.

Opinion filed June 30, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan (Phyllis J. Perko and Robert L. Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendants Ralph Tompkins and Rudy Silas were indicted by a Lake County grand jury for attempt to commit murder, attempt to commit armed robbery, aggravated battery, and armed violence arising out of an incident at the Tee Pee Liquor Store in North Chicago on February 7, 1974. They were tried jointly in a single jury trial, and both were found guilty of attempt to commit murder and attempt to commit armed robbery. Judgments were entered on both verdicts against both defendants, however in each case the mittimus referred only to the attempt to commit murder charge, and the court imposed a single sentence of 7-21 years on each defendant.

Each defendant pursued his appeal separately, but because of the similarity of issues presented for review, the appeals have been consolidated for this opinion. Defendant Tompkins contends that he was deprived of a fair trial because the court made a ruling "as a matter of law" as to a factual issue by telling the jury that the photograph in question was a picture of defendant Tompkins. Both defendants allege error in the court's entry of judgments on both attempt murder and attempt robbery, contending that the offenses arose from a single transaction, and that the convictions for armed robbery should be reversed. We find no merit in either contention.

The evidence at trial which gave rise to the first issue on appeal is as follows. Waukegan Police Officer Pasquini testified that on February 20, 1974, after informing defendant Silas of his rights, he asked him if he robbed the Tee Pee Liquor Store; that Silas' answer was that he did, but he didn't shoot the man, Boskie Prater did. The court instructed the jury not to consider this statement with respect to the case against Tompkins. North Chicago Police Officer Knox testified that the same evening he spoke to Silas who told him that he (Silas) and Boskie Prater were both armed when they robbed the liquor store.

Lake County Assistant State's Attorney Michael Cummins testified that he spoke with defendant Tompkins, who said he was also known by the name of "Boxie" Prater. After advising Tompkins of his rights he handed Tompkins a statement he had earlier taken from Silas, which stated that Silas and Boxie Prater had attempted to rob the Tee Pee Liquor Store and that Boxie had shot twice at the owner. Cummins testified that as Tompkins read the statement, he pointed to the name "Robert Thompkins [sic]" and said "That's not me." Cummins told Tompkins to read further, because when taking the statement from Silas, Cummins had shown him a color photograph, a mug shot, People's Exhibit #13 and asked, "Is this the picture of the man you know as Boxie Prater?" Cummins testified Silas said "Yes," and signed his name on the back of the photograph. Cummins, when asked at trial to identify the man portrayed in the photograph, pointed to defendant Tompkins. The officer further testified that defendant Tompkins then gave a statement admitting his participation in the incident.

Defendant Tompkins did not testify at trial, defendant Silas did take the stand and denied that he had ever committed the offense or given a statement to Cummins or the police about it.

When the State sought to introduce the photograph into evidence, defendant objected because it was a mug shot. The court allowed it into evidence, but later when ruling on which exhibits would be sent to the jury, the court decided to "hold it out at the present time."

After the jury had deliberated approximately 1½ hours, they sent the judge a slip of paper which read: "Please send in photo identified by Silas of Tompkins." The court stated to all the attorneys that it was either going to attempt to cut away the picture's identification as a mug shot and give it to the jury or else state to the jury that it is a photograph of defendant, but was not being submitted for reasons with which they (the jury) should not concern themselves. The court stated to the attorneys that as a matter of law it didn't feel that reasonable men, in looking at the photograph and looking at defendant Tompkins, could differ in finding that it was a photograph of defendant. Tompkin's attorney objected to either alternative, stating:

"My sole concern is that it is definitely a mugshot * * * regardless of how it is cut up or folded and/or pasted * * * it is going to look like a mugshot * * *. I think Mr. Cummins has identified the picture and he has identified Mr. Tompkins, and I think to the satisfaction of the jury he has been identified.

* * *

It seems to me there has been sufficient evidence adduced that the photograph is of Ralph Tompkins. I think if the court makes the comment, the fact that 'Yes, it is Mr. Tomkins' it is just adding more impact to it."

The court then decided to make the statement to the jury rather than submit the photograph.

■■ Defendant has adequately cited to us the line of cases holding that judges should refrain from conveying to jurors their personal opinions concerning any disputed questions of fact. (*People v. Finn* (1959), 17 Ill. 2d 614, 617; *People v. Sprinkle* (1963), 27 Ill. 2d 398; *People v. Provenzano* (1922), 305 Ill. 493.) However those cases are not applicable to this situation where, as even indicated by the statements of Tompkins' attorney, the identity of the person portrayed in the photograph was not a disputed factual issue in the case. Defendant objected to its submission to the jury because it was a mug shot and objected to the court's statement because he felt it emphasized the State's case. The only evidence concerning the identity of the photograph at trial came from Cummins who identified the person portrayed as Tompkins. The effect of Silas' testimony at trial was not to deny that the photograph portrayed Tompkins, rather he denied that he had ever spoken to the officers or seen the photograph before. There was no dispute as to the identity of the person in the photograph, and we therefore hold the court's comment to the jury that the man in the photograph was Tompkins was not reversible error. Tompkins was not deprived of a fair trial because the court did not make a ruling on a disputed factual isssue.

We next proceed to the contention raised by both Tompkins and Silas in their separate appeals, that their convictions for attempt armed robbery must be reversed as the less serious of the two offenses arising from the same transaction. The defendants base their claim on *People v. Hickman* (1973), 56 Ill. 2d 175, which held that a multiple concurrent sentence for attempt armed robbery could not be imposed in conjunction with a sentence for murder, and *People v. Lilly* (1974), 56 Ill. 2d 493, that if it is improper to impose separate sentences for two offenses arising from one transaction, it is also improper to enter judgment on both offenses.

The Illinois Supreme Court in *People v. Hickman* based its holding on *Hickman*'s factual similarity to *People v. Prim* (1972), 53 Ill. 2d 62, where

the court found attempt armed robbery and murder arose from the same conduct when an unarmed bus passenger was shot when she resisted as her purse was being taken away from her.

However, we find the factual situation in the instant case to be closer to a more recent Illinois Supreme Court case on the subject, *People v. Williams* (1975), 60 Ill. 2d 1. There the court allowed the separate convictions for armed robbery and murder to stand,

> "* * * even though the activity constituting both offenses was a series of very closely related acts. The purpose of the entry was robbery, not murder, and that objective changed to murder only when the robbers were confronted by Mr. Calderone with a gun in his hand. Then, they chose to commit a separate act for the purpose of killing Mr. Calderone. That shooting can be viewed as a means of removing an obstacle to their original objective of robbery, *but it is also evident that at least part of their reason for killing was to avoid injury or apprehension by Mr. Calderone.* * * * The convictions and sentences imposed upon the defendant for murder and armed robbery may both stand." (Emphasis added.) *Williams*, at 14-15.

■■ In the instant case there was testimony that Tompkins told police that after he entered the liquor store and pushed the buttons on the cash register he saw Mr. Carter (the owner) come out and ask him what he was doing. Tompkins said he thought Carter might also have a gun, so he became scared and fired at Mr. Carter, ultimately striking him in the hip. It is clear in this case that the objective of the defendants was robbery; that the shooting was motivated by a desire to avoid injury or apprehension by Carter, a separate and distinct purpose. In *Prim* there was a single criminal objective (the defendant was not confronted with a gun) and therefore the crimes arose from the same conduct so that only the most serious conviction could stand. In *Williams* and in the instant case, the murder or attempt murder was motivated by a separate purpose, to avoid injury or apprehension, as well as to remove an unforeseen obstacle to the original objective of robbery. We therefore hold that here, as in *Williams*, the acts constituting attempt robbery and attempt murder are separate and distinct, and the multiple convictions are proper and may stand. See also *People v. Burks* (1975), 29 Ill. App. 3d 74; *People v. Johnson* (1975), 29 Ill. App. 3d 669 (abstract opinion); *People v. Roop* (1976), 39 Ill. App. 3d 710.

For the foregoing reasons, the judgments of the Circuit Court of Lake County are affirmed.

Judgments affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.