THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JONATHAN BEASON, Defendant-Appellant.

(No. 61083;

First District (1st Division)—September 15, 1975.

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before Burke, P. J., Goldberg and Simon, JJ.):

Jonathan Beason, defendant, was found guilty after a bench trial of the crimes of attempt rape, aggravated battery and robbery (Ill. Rev. Stat. 1971, ch. 38, pars. 8—4, 12—4 and 18—1). Defendant was sentenced to concurrent terms of 3 to 9 years for attempt rape, 3 to 9 years for aggravated battery, and 5 to 10 years for robbery. Defendant appeals arguing that the State failed to establish his guilt beyond a reasonable doubt on each of the three crimes charged and that the sentences imposed upon him were excessive.

At trial, Corinne Muhr testified that on August 6, 1972, at approximately 1:45 a.m., she was driving home in a heavy rain storm when her windshield wipers stopped working. She pulled into a closed car wash at 11108 Southwest Highway, Palos Hills, Illinois, to wait until the rain subsided. At that time the defendant opened the driver's door to her vehicle and struck her above her left eye. The defendant then entered Ms. Muhr's car and began choking her. Ms. Muhr attempted to escape by the passenger door to the car but the defendant continued to choke her and dragged her back into the vehicle. Ms. Muhr testified that at that time she passed out. When Ms. Muhr woke up she was in the back seat of the car with the defendant. Ms. Muhr told the defendant to take the car and the defendant stated that he did not want the vehicle. Defendant told her to be quiet and attempted to push her down onto the seat. Defendant then ordered Ms. Muhr to take her slacks off. Ms. Muhr testified that she again lost consciousness. When she woke up, her slacks and panties were pulled down to her hips and her blouse was unbuttoned. Upon seeing headlights coming into the car wash, the defendant fled her vehicle. Before defendant left the car, Ms. Muhr observed him reach into the front seat and remove her wallet from her purse.

Ms. Muhr testified that a police officer arrived on the scene and placed the defendant under arrest. Ms. Muhr was taken to Palos Community Hospital where she remained for nine days. Ms. Muhr testified that she

had a cut above her left eye, the left side of her face was swollen, she had cuts on the inside of her mouth and bruises and scratches on her legs and arms. Ms. Muhr testified she subsequently identified her wallet which had been taken during the incident.

Michael Smith, a police officer for the Worth Police Department, testified that in the early morning hours of August 6, 1972, he responded to a call of a woman screaming at 111th Street and Southwest Highway. As he approached the scene, he observed a car parked in the car wash on the west side of the street. Officer Smith testified that he observed the defendant get out of the passenger side of the vehicle and run toward the rear of the car. Officer Smith drew his weapon and ordered the defendant to halt. Defendant was at that time placed under arrest. Officer Smith testified that he then observed Ms. Muhr in the back seat of the parked vehicle. Ms. Muhr's face was bleeding and her blouse was unbuttoned.

■■ Defendant first contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt on the charge of attempt rape because there was no proof that he intended to rape the victim. To sustain a conviction on the charge of attempt rape, proof of the specific intent to commit rape is essential. However, such intent may be inferred from the circumstances of the assault. *People v. Triplett,* 46 Ill.2d 109, 263 N.E.2d 24.

In the case at bar, the evidence clearly established that defendant attempted to rape the complainant. Defendant entered the complainant's car as she was parked in a closed car wash waiting for a heavy rain storm to subside after her windshield wipers malfunctioned. As defendant entered her car, he struck her in the face and began to choke her. When Ms. Muhr attempted to escape out of the passenger door of the vehicle, the defendant pulled her into the rear seat of the vehicle. Defendant pushed Ms. Muhr down on the seat and ordered her to take her slacks off. At that time Ms. Muhr lost consciousness. When Ms. Muhr awoke, she found that her slacks and panties had been pulled down to her hips and her blouse had been unbuttoned. While defendant now argues that there was no evidence that he dragged the complainant into the back seat, pulled her slacks and panties down and unbuttoned her blouse, this is directly contradicted by the testimony adduced at trial. Ms. Muhr's testimony was sufficient to establish defendant's guilt beyond a reasonable doubt on the charge of attempt rape. *People v. Almond,* 31 Ill.App.3d 374.

Defendant next contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt on the charge of robbery because the complainant's testimony was insufficient and inconclusive. The rule

is well established that in a bench trial, the credibility of witnesses and the weight to be given to their testimony are matters for the trial judge to determine and will not be disturbed on appeal unless it is based upon evidence which is so unsatisfactory as to raise a reasonable doubt of defendant's guilt. (*People v. Clark*, 52 Ill.2d 374, 288 N.E.2d 363.) The testimony of a single witness is sufficient to sustain a conviction if positive and credible. *People v. Abrams*, 21 Ill.App.3d 734, 316 N.E.2d 5.

In the case at bar, the testimony of Ms. Muhr established that on August 6, 1972, the defendant entered her automobile, which was parked in a closed car wash waiting for a rain storm to subside. The defendant struck Ms. Muhr in the face and choked her. As a result of injuries sustained during the incident, Ms. Muhr was hospitalized for nine days. Ms. Muhr stated that after being dragged into the rear seat by the defendant, she observed the defendant reach over into the front seat and remove her wallet from her purse. After police officers arrived on the scene, she identified her wallet which was in police custody. While it is true, as defendant argues, that there is no testimony that the wallet was recovered from his person at the time of his arrest at the scene, this does not create a reasonable doubt as to his guilt. Ms. Muhr's testimony that she observed the defendant take her wallet was positive, credible and sufficient to establish defendant's guilt beyond a reasonable doubt on the charge of robbery.

■■ We note that defendant's conviction and sentence on both the charge of aggravated battery and attempt rape was improper. The rule is well established that where different offenses arise out of the same actions of a defendant, only one conviction and sentence may be imposed. (*People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1.) A review of the facts adduced at trial demonstrates that defendant's actions which constituted the offense of aggravated battery were the means by which defendant committed the crime of attempt rape. Under these circumstances, defendant's conviction and sentence on both charges was improper. (*People v. Cochran*, 10 Ill.App.3d 786, 295 N.E.2d 246.) Accordingly, defendant's conviction for aggravated battery must be vacated.

In view of our conclusion that defendant's conviction on the charge of aggravated battery cannot stand, we find it unnecessary to consider defendant's argument that the evidence is insufficient to establish his guilt on that charge.

■■ Defendant next argues that his sentence on the charge of robbery must be reduced under the Unified Code of Corrections. The Code provides that robbery is a Class 2 felony (Ill. Rev. Stat. 1973, ch. 38, par. 18—1(b)), the penalty for which is a maximum term of from one to 20 years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3)) and a mini-

mum.term which shall not be greater than one-third of the maximum term set by the court (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c) (3)). Here, defendant's sentence of 5 to 10 years on the charge of robbery is improper in that the minimum exceeds one-third of the maximum. Accordingly, defendant's minimum sentence must be reduced to a term of 3 years 4 months.

■■ Defendant's final contention is that his sentences are excessive and should be reduced. While this court has the power to reduce sentences (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)), that power should be exercised with care and only where it is manifest in the record that the sentence is excessive. (*People v. Fox,* 48 Ill.2d 239, 269 N.E.2d 720.) The trial judge who heard the testimony and matters presented in aggravation and mitigation is ordinarily in a better position than a reviewing court to determine the proper punishment to be imposed. *People v. Winfield,* 133 Ill.App.2d 48, 272 N.E.2d 848.

■■ In the case at bar, the facts adduced at trial demonstrate that defendant entered the complainant's car and brutally attacked her, resulting in her being hospitalized for a period of nine days. The trial judge, after hearing all of the testimony adduced at trial in matters presented in aggravation and mitigation, imposed sentences which, as modified, are within the statutory limits for the crimes charged. Considering all of the facts adduced at trial in the matters presented in aggravation and mitigation, we do not believe that the sentences are improper.

For the foregoing reasons, defendant's conviction on the charge of aggravated battery is vacated. Defendant's minimum sentence on the charge of robbery is reduced to a term of 3 years 4 months and, as modified, the judgments of the circuit court of Cook County are affirmed as to the charges of attempt rape and robbery.

Vacated in part, affirmed as modified in part.