(No. 45788.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES LILLY, Appellant.

*Opinion filed March 20, 1974.*

494

Bruce Stratton, District Defender, of Ottawa (James Geis, Assistant District Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (James B. Zagel and Raymond McKoski, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

The first count of an indictment returned against James Lilly, the defendant, in the circuit court of Peoria County, charged the rape on December 16, 1970, of a 15-year-old girl and the second count charged indecent liberties with the same victim.

When a jury returned verdicts of guilty on both counts of the indictment, the trial judge, after entering judgment on both verdicts, stated that as both verdicts were based on a single act of the defendant he would be sentenced only on the charge of rape. A sentence of not less than 15 years and not more than 25 years was imposed.

The appellate court affirmed as to both the rape and indecent liberties offenses (9 Ill. App. 3d 46) and we granted leave to appeal.

The defendant is correct in his first contention, which is that the trial court erred in entering judgment on the verdict of guilty on the indecent liberties charge. It is not disputed that the rape count and indecent liberties count of the indictment were founded on a single act of the defendant. Under such circumstances there can be but one conviction of crime. (*People v. Duszkewycz,* 27 Ill.2d 257; *People v. Schlenger,* 13 Ill.2d 63.) The trial court was not unaware of this and after entering judgment on both verdicts of guilty said "*** the defendant should be sentenced for only one of said offenses and that should be for the greater offense, which in this case is the offense of rape, and the court, therefore, will sentence the defendant only for the offense of rape." However, the entering of judgment on the verdict of guilty under the indecent liberties charge, the defendant points out, may operate to his prejudice, though no sentence was imposed. For example, police records, including fingerprint reports, well might carry notations of what will appear to be convictions of separate and unrelated crimes of rape and indecent liberties.

The People's response to what we consider to be the defendant's reasonable contention is that because no

sentence was imposed on the indecent liberties charge there was no final judgment from which the defendant can appeal. It is true that "The final judgment in a criminal case is a sentence" (*People v. Becker,* 414 Ill. 291, which we cited in *People v. Rose,* 43 Ill.2d 273) and that in the absence of the imposition of sentence an appeal cannot be entertained. (*People ex rel. Filkin v. Flessner,* 48 Ill.2d 54.) However, this case is properly before us on appeal with regard to the defendant's claim as to his conviction for rape and we have authority under Rule 366 to vacate the incomplete judgment entered on the indecent liberties verdict. (50 Ill.2d R. 366; see also *People v. Scott,* 43 Ill.2d 135, 144.) Accordingly we will vacate the judgment of conviction as to the count of the indictment which charged the defendant with the lesser offense of indecent liberties.

The defendant next contends that his sentence was improper. The Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001—1—1 *et seq.*), which became effective on January 1, 1973, classifies rape as a Class 1 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 11—1(c)). The Code provides that "for a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and the circumstances of the offense and the history and character of the defendant, sets a higher minimum term." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(2).) It also states: "If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4.) The defendant may invoke this provision of the Code, as his case has not been finally adjudicated. *People v. Harvey,* 53 Ill.2d 585.

He argues that he is entitled to have the minimum term of his sentence reduced to four years, as the

minimum sentence he received is in excess of the minimum penalty provided for a Class 1 felony under the Code.

However, in so arguing the defendant overlooks the language of section 8—2—4 (par. 1008—2—4), quoted above, which states that the sentence provisions of the Code apply only if they call for a lesser sentence than that provided for under the prior law upon which the prosecution was commenced. (See also *People v. Killebrew,* 55 Ill.2d 337, 343.) The offense of rape, at the time the prosecution here was commenced, was an offense punishable "for any indeterminate term with a minimum of not less than four years." (Ill. Rev. Stat. 1969, ch. 38, par. 11—1.) The minimum term for rape called for by the Code is thus not less than under the prior law and the defendant does not qualify for a reduction of sentence under the Code.

For the reasons given, the judgment of the appellate court is affirmed as to the conviction of rape; the judgment is reversed as to the offense of indecent liberties and the judgment entered by the circuit court of Peoria County as to this offense is vacated.

*Affirmed in part and reversed and vacated in part.*