(No. 49352.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. DELBERT SCOTT, Appellant.

*Opinion filed November 30, 1977.*

James Geis and Ralph Ruebner, Deputy Defenders, of the Office of the State Appellate Defender, of Chicago (Steven Clark, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay, Assistant Attorney General, of Chicago, and Laurence J. Bolon and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Delbert Scott, was found guilty of two counts of armed robbery and one count each of rape, aggravated battery, and aggravated kidnapping. He was sentenced to concurrent terms of not less than 25 nor more than 50 years for rape and armed robbery, and not less than 3 nor more than 10 years for aggravated battery. Holding that the conviction for aggravated kidnapping "would merge into the rape count," the circuit court

imposed no sentence for the conviction of aggravated kidnapping. The appellate court affirmed (45 Ill. App. 3d 487) but remanded the cause to the circuit court "for entry of a sentence on the aggravated kidnapping conviction." We allowed defendant's petition for leave to appeal.

The facts are adequately stated in the opinion of the appellate court and need not be repeated here. Defendant contends that in remanding the cause for imposition of a sentence on the aggravated kidnapping count the appellate court expanded the People's right to appeal (58 Ill. 2d R. 604(a)), that it was without power to enter the order for the reason that no such action is authorized by Supreme Court Rule 615(b) and that the remand for the imposition of the additional sentence punished the defendant for having appealed from the judgment of the circuit court, thus denying him due process of law. It is the People's position that when the defendant, on appeal, raised the question of the propriety of the conviction of aggravated kidnapping the People properly requested that the cause be remanded for the entry of a sentence, and that in remanding for that purpose the appellate court acted within the scope of its powers. The People contend further that defendant was not punished for the exercise of his right to appeal and that there was no increase of punishment on the aggravated kidnapping count since no sentence had previously been imposed.

We need not and do not decide the question whether absent an appeal by defendant the People could have sought review of the order "merging" the aggravated kidnapping conviction and the failure to impose sentence on that count. On this record the question presented is whether, having before it the defendant's appeal seeking reversal of the conviction for aggravated kidnapping, the appellate court was empowered to remand the cause for imposition of sentence. In compliance with article VI, section 16, of the Constitution of 1970, this court has

promulgated rules governing appeals and has enumerated the powers of reviewing courts in civil (58 Ill. 2d R. 366(a)) and in criminal (58 Ill. 2d R. 615(b)) appeals. Although Rule 366 is not specifically made applicable to criminal appeals (58 Ill. 2d R. 612), in *People v. Lilly,* 56 Ill. 2d 493, the court, citing Rule 366, held that it had authority to vacate an incomplete judgment entered on a verdict. Following *Lilly,* we hold that in remanding the cause to the circuit court for entry of a sentence on the aggravated kidnapping conviction the appellate court acted within the scope of its powers.

Defendant points out that under Rule 615(b)(4) a reviewing court is expressly given power to reduce the punishment imposed by the trial court but not the power to increase it, and argues that in remanding for the imposition of sentence on the aggravated kidnapping count the appellate court, without authority to do so, increased defendant's punishment. We do not agree. Rule 615(b) specifically authorizes the reviewing court to modify the judgment or order from which the appeal is taken, and in ordering the imposition of a sentence on the conviction on which no sentence had previously been imposed the appellate court did not increase defendant's punishment.

Although defendant does not contend here that the affirmance of the conviction for aggravated kidnapping was error, we note parenthetically that the imposition of punishment on that count is in accord with our opinion in *People v. King,* 66 Ill. 2d 551, adopted subsequent to the filing of the opinion by the appellate court.

Citing *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, defendant contends that the effect of the appellate court judgment is to impose upon him an additional sentence because of his having exercised his right of appeal. He argues that "he is now in a worse position than he would be had he not appealed" and has thus been denied due process of law. We do not consider

that the doctrine of *Pearce* is applicable to this case. The intent of *Pearce* was that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." (395 U.S. 711, 725, 23 L. Ed. 2d 656, 669, 89 S. Ct. 2072, 2080.) The effect of the remanding order for the imposition of sentence is to complete the circuit court's order and render the judgment final. The question whether the order appealed from was final and appealable has not been raised, and we do not consider it. Where no sentence has previously been entered, any suggestion of vindictiveness because of defendant's having appealed is premature and not presented on this record.

For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*