THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JIMMY DEAN GUM, Defendant-Appellant.

Fourth District   No. 15734

Opinion filed June 20, 1980.

GREEN, J., specially concurring.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Nolan Lipsky, State's Attorney, of Petersburg (Martin N. Ashley, and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendant was tried to a jury which found him guilty of one charge of arson, four charges of burglary, two charges of criminal damage to property over $150 and one charge of theft over $150. The circuit court of Menard County entered judgment on all eight verdicts. After a sentencing hearing the court imposed five concurrent extended terms of imprisonment of 12 years each on the one count of arson and the four counts of burglary. No sentences were imposed on the criminal damage and theft convictions.

On appeal defendant has not contested any of the factual matters leading to the convictions and sentences but contends (1) that the trial court erred in entering judgment on both the arson and one criminal damage verdicts since they arose out of the same act; (2) that the trial court erred in imposing extended terms where both factors set forth in section 5—5—3.2(b) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b)) were not present; and (3) alternatively, that section 5—5—3.2(b) is unconstitutional as a deprivation of equal protection.

In its brief the State has partially conceded defendant's first issue, but also asks us to remand for the imposition of a sentence on the criminal damage and theft convictions.

A brief recitation of the facts is necessary in order to understand how the parties arrive at their conclusions. Defendant and an accomplice went to the Petersburg Elementary School where they broke a window and entered the building. They went to the principal's office, where defendant broke the door lock with a hammer and screwdriver. After going through a desk and finding no money, which was their apparent objective, they next went to the school's kitchen, where defendant forced open a door to a storage room. Money was again the objective but none was found. They then set two fires in the school, and there was evidence that these fires caused approximately $88,000 in damage.

Later, the two went to the Menard Bowl where defendant used a hammer to break a window and a door. They entered, broke into a safe and removed $200 in currency, $75 in coinage and some checks.

Next they proceeded to the Lucky Lady Laundromat where they

kicked in a door, entered and took $1.25 and some coins from a soft drink machine.

Lastly they went to Juergens' Laundromat. There they broke a window and entered but were unable to find any money.

In tabular form, all this criminal activity yielded this:

| Count I | Arson | School building |
|---|---|---|
| Count II | Criminal Damage over $150 | School building |
| Count III | Burglary | School building |
| Count IV | Burglary | Menard Bowl |
| Count V | Theft Over $150 | Menard Bowl |
| Count VI | Criminal Damage over $150 | Menard Bowl |
| Count VII | Burglary | Lucky Lady Laundromat |
| Count VIII | Burglary | Juergens' Laundromat |

As indicated above, the jury returned guilty verdicts on all eight counts, and the trial court entered judgment on all verdicts. However, sentences were imposed only on the arson and burglary counts.

Defendant's first contention is that the trial court erred in entering judgment on both counts I and II since they arose from the same act. The State concedes this, but argues that this court may reduce the degree of the offense; that is, the damage to the school by reason of the fire might have merged into the arson but there still remain the separate acts of breaking the window, the principal's door and the storage door. There being no proof of value as to the latter acts, the State argues that criminal damage under $150, a Class A misdemeanor, is appropriate. Ill. Rev. Stat. 1977, ch. 38, par. 21—1.

■■ We agree. The breaking and damage are not lesser included offenses of arson or burglary, and therefore a separate conviction can stand. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) Our authority to reduce a sentence is contained in Supreme Court Rule 615(b) (73 Ill. 2d R. 615(b)). Accordingly, defendant's conviction on count II, criminal damage to property, is reduced to a Class A misdemeanor.

■■ Defendant's second and third contentions are disposed of by prior opinions of this court. In *People v. Warfel* (1979), 67 Ill. App. 3d 620, 385 N.E.2d 175, we held that either, or both, of the factors set forth in section 5—5—3.2 of the Unified Code of Corrections would support an extended term. Accord, *People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374.

Recently in *People v. Hamilton* (1980), 81 Ill. App. 3d 297, 401 N.E.2d 318, we held section 5—5—3.2 not unconstitutional.

The State's request for remand for imposition of sentences on the counts on which judgment has been entered is more troublesome. It relies on *People v. Dean* (1978), 61 Ill. App. 3d 612, 378 N.E.2d 248. In *Dean* the

Fifth District, relying on *People v. Scott* (1977), 69 Ill. 2d 85, 370 N.E.2d 540, remanded for imposition of sentences under circumstances similar to those in the case at bar and said:

"* * * [D]efendant attempts to distinguish *Scott* from the instant facts on the basis that in *Scott*, the defendant had sought a reversal of the judgment of conviction at issue, whereas here, defendant only seeks relief from the trial court's order denying his motion to withdraw the guilty pleas and vacate judgment. We find this reasoning unpersuasive. It is premised on the theory that the propriety of a remanding order for entry of sentence is dependent on the defendant's purpose in originally bringing the appeal. To the contrary, however, we view the thrust of *Scott* to be that such a remanding order is appropriate whenever the judgment of the reviewing court acts to affirm the incomplete judgment of conviction of the trial court. A trial court lacks authority to impose a sentence less than the statutory minimum on a judgment of conviction. (*People v. Gardner*, 22 Ill. App. 3d 203, 317 N.E.2d 316, *aff'd following remand*, 52 Ill. App. 3d 386, 367 N.E.2d 437.) It follows then, that a trial court equally lacks authority to fail to impose any sentence on a properly entered judgment of conviction. (See generally *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838.) Hence, where the judgment of the reviewing court is an affirmance of a trial court's judgment of conviction, but that judgment remains incomplete because no sentence had been entered thereon, the reviewing court must order the judgment to be made final by the imposition of a sentence." 61 Ill. App. 3d 612, 619-20, 378 N.E.2d 248.

We do not read *Scott* as broadly as do our brethren of the Fifth District; the posture of the appeal is very significant.

In *Scott*, the defendant had been convicted of five offenses, but the trial court had sentenced him on only four of the counts because it thought that two offenses had merged into one. The defendant appealed only the conviction for which a sentence had not been entered; the supreme court affirmed the conviction and remanded for sentencing. In the instant case defendant has put before this court only one of the three convictions upon which he did not receive a sentence, namely, count II, criminal damage to property (the school). He did so by appealing the entry of judgment on count II, a situation almost precisely parallel to *Scott*. We therefore hold that count II is properly before us for review.

Counts VI and VII are in a very different posture. Defendant has not appealed these counts and we do not believe that the State can appeal in this situation. *Scott* specifically left unanswered the question "whether absent an appeal by defendant the People could have sought review of

the order 'merging' the aggravated kidnapping conviction and the failure to impose sentence on that count." 69 Ill. 2d 85, 87, 370 N.E.2d 540, 542.

■ Supreme Court Rule 604(a) (73 Ill. 2d R. 604(a)) limits the scope of the State's ability to appeal to trial court orders dismissing charges, arresting judgments, quashing warrants, and suppressing evidence. Therefore, the State cannot appeal a mere conviction to seek an order for the imposition of a sentence.

■ Although *Scott* also expressly refused to consider whether the order appealed from was in fact final and appealable, the court concluded that remanding for sentencing completed the conviction, making it final; a conviction is final and appealable when the trial court imposes a sentence. This implies, then, that a conviction on which the trial court has not entered a sentence is not a final appealable order. Therefore, except when the defendant appeals the conviction that lacks a sentence—the question *Scott* specifically decided—the reviewing court lacks jurisdiction over that matter.

The judgment of the circuit court of Menard County is affirmed, except as to count II, which is reduced to a Class A misdemeanor; the extended sentences under counts I, III, IV, VII and VIII are affirmed; the cause is remanded to the circuit court of Menard County for imposition of an appropriate sentence under count II.

Affirmed as modified and remanded with directions.

CRAVEN, J., concurs.

Mr. JUSTICE GREEN, specially concurring:

I agree in the result reached by the majority but not in all of its reasoning with reference to our power to remand for imposition of sentence as to count II.

I do not consider an analysis based upon the power of the State to appeal to be correct. Neither here, in *Scott*, nor in *Dean*, was any document purporting to be a cross-appeal filed by the prosecution. No provision for a cross-appeal is made in article VI of the Supreme Court Rules (73 Ill. 2d Rules 601 to 651), which provides for appeal in criminal cases. The questions involved concern the power of the reviewing court to require completion of a conviction appealed by a defendant.

In *Scott*, the defendant had been convicted of several offenses and sentenced upon all but one, aggravated kidnapping. He appealed, contending that (1) the aggravated kidnapping conviction was error as it was merged into the conviction for another offense, and (2) some of the sentences were improper. The appellate court affirmed all judgments,

including the aggravated kidnapping conviction, and remanded for entry of a sentence for that conviction (45 Ill. App. 3d 487, 359 N.E.2d 878). The defendant was granted leave to appeal the aggravated kidnapping conviction and order of remandment to the supreme court, which affirmed. It was the appellate court and not the supreme court that ordered the remandment in *Scott*, and the issue in that case concerned the power of the appellate court to do so.

The *Scott* opinion was based upon analogy to *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1. There, the defendant had been convicted of rape and indecent liberties committed against the same victim. The trial court entered judgment on both convictions but sentenced only on the rape conviction. The supreme court concluded that the conviction for indecent liberties was improper under the then-existing theory concerning multiple convictions arising out of closely related acts. The court noted that there was no appealable order as to the indecent liberties charge because sentence had not been imposed, but stated:

> "However, this case is properly before us on appeal with regard to the defendant's claim as to his conviction for rape and we have authority under Rule 366 to vacate the incomplete judgment entered on the indecent liberties verdict. [Citations.]" 56 Ill. 2d 493, 496, 309 N.E.2d 1, 2.

The supreme court in *Scott* deemed the situation in that case to be similar to *Lilly* in that in both cases the defendant had appealed from an incomplete, nonfinal order of conviction upon which no sentence had been imposed, but the appeal accompanied appeal in the same case from at least one judgment finalized by imposition of sentence. The court decided that if a reviewing court had power to vacate the improper but incomplete judgment of conviction (*Lilly*), such a court also had power to remand such an incomplete judgment to the trial court to be made final and complete. That jurisdiction was apparently not dependent upon any appeal or cross-appeal by the State.

The majority is correct in its basic holding that we have no power to remand for compliance with the judgments of conviction on counts VI and VII because no appeal has been attempted on those convictions. *Lilly* would not have granted us jurisdiction, under the present appeal, to set aside those convictions were they improper and, accordingly, *Scott* does not grant us jurisdiction to remand them for completion.