(No. 55310.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GREGORY DIXON, Appellee.

*Opinion filed June 18, 1982.*

MORAN and GOLDENHERSH, JJ., concurring in part and dissenting in part.

Tyrone C. Fahner, Attorney General, of Springfield, and J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

Mary Robinson, Deputy Defender, and David S. Morris, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Following a joint bench and jury trial (jury as to defendant) of defendant and three codefendants in the cir-

cuit court of Du Page County, the defendant, Gregory Dixon, was convicted of armed violence, aggravated battery, mob action, and disorderly conduct. He was sentenced to concurrent terms of four years' imprisonment on the armed-violence and aggravated-battery convictions. The trial court imposed no sentence, however, on the mob-violence and disorderly-conduct convictions, holding that they "merged" into the other two offenses. The appellate court, in a Rule 23 order (73 Ill. 2d R. 23), reversed defendant's armed-violence conviction on the basis of our decision in *People v. Haron* (1981), 85 Ill. 2d 261, affirmed the aggravated-battery conviction, and refused to remand for sentencing on the two convictions upon which no sentence had been imposed. (96 Ill. App. 3d 1201.) We allowed the State's petition for leave to appeal. No question is raised as to the propriety of the reversal of the armed-violence conviction.

The charges in question arose from a violent altercation between several inmates in Tier I East of the Du Page County jail. Two of the State's witnesses, who were deputy sheriffs, testified to seeing defendant and at least one codefendant repeatedly strike another inmate, Michael Mastro, with wooden broom or mop handles as 12 to 14 other persons congregated nearby. Mastro was treated at the Central Du Page Hospital for multiple abrasions and contusions and a groin injury. Defendant presented on his behalf a codefendant, George Hopkins, for the purpose of showing self-defense. Hopkins testified that there was considerable racial tension and hostility in the jail which precipitated the fight. He stated that on the day in question he initially observed defendant and Mastro "slamming sticks at each other." When he entered the hall, Mastro then proceeded to strike him, at which point, he stated, defendant intervened to assist him.

Defendant contends that improper remarks by the prosecutor during closing arguments deprived him of a

fair trial. Specifically, it is argued that the prosecutor commented on defendant's failure to testify. The complained-of remarks were made in rebuttal and in response to defense counsel's argument. Defense counsel had recounted the testimony of George Hopkins regarding racial tension and previous confrontations in the jail tier between the blacks and the whites and advised the jury to "keep in mind what is going on in Greg Dixon's mind." In response, the prosecutor stated:

> "You also heard [defense counsel] tell you during his closing argument to keep in mind what was happening in Greg Dixon's mind about this racial fear and so forth.
>
> Do you know what was happening in Gregory Dixon's mind? Did you hear any testimony whatsoever of what was going on in Gregory Dixon's mind?"

The trial judge sustained defense counsel's objection. Defendant argues that this comment was a direct, unambiguous reference to his decision not to testify. We do not agree.

The appropriate test for determining whether a defendant's right to remain silent has been violated is whether "the reference [was] intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify." (*People v. Hopkins* (1972), 52 Ill. 2d 1, 6; *People v. Mentola* (1971), 47 Ill. 2d 579, 582; *People v. Mills* (1968), 40 Ill. 2d 4, 8; *People v. Wollenberg* (1967), 37 Ill. 2d 480, 488.) The prosecutor may comment on the uncontradicted nature of the State's case (*People v. Skorusa* (1973), 55 Ill. 2d 577, 584; *People v. Norman* (1963), 28 Ill. 2d 77, 81), and, where motivated by a purpose of demonstrating the absence of any evidentiary basis for defense counsel's argument rather than a purpose of calling attention to the fact that defendant had not testified, such argument is permissible (*People v. Jones* (1970), 47 Ill. 2d 66, 67-70). Moreover, a defendant cannot ordinarily claim error where the prosecutor's remarks are in reply to and may be said to have

been invited by defense counsel's argument. (*People v. Vriner* (1978), 74 Ill. 2d 329, 344, *cert. denied* (1979), 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858; *People v. Zuniga* (1973), 53 Ill. 2d 550, 558; *People v. Bey* (1972), 51 Ill. 2d 262, 266.) We believe that the prosecutor's comment here, in the context in which it was made, was proper rebuttal invited by defense counsel's argument and was not made for the purpose of calling attention to the defendant's failure to testify. (*People v. Bey* (1972), 51 Ill. 2d 262, 266; see also *United States v. Bright* (5th Cir. 1980), 630 F.2d 804, 828; *Sanchez v. Heggie* (10th Cir. 1976), 531 F.2d 964, 966-67, *cert. denied* (1976), 429 U.S. 849, 50 L. Ed. 2d 122, 97 S. Ct. 135.) We note, too, that the court instructed the jury pursuant to defense counsel's request that "the fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict." In our judgment the prosecutor's invited remarks in these circumstances did not deprive defendant of a fair trial. *People v. Bey* (1972), 51 Ill. 2d 262, 266-67; see also *United States v. Reicin* (7th Cir. 1974), 497 F.2d 563, 572.

The State urges that the appellate court should have remanded the cause for the imposition of sentence on either defendant's mob-action or disorderly-conduct conviction. The jury was instructed on disorderly conduct as a lesser included offense of mob action, and the State concedes that defendant may not be sentenced concurrently for both crimes. The defendant argues, however, that the appellate court is without jurisdiction to entertain an appeal by the State from a nonfinal order where the defendant has not raised any issue concerning its propriety. We note that there is a conflict in the appellate court on this issue. Compare *People v. Gum* (4th Dist. 1980), 85 Ill. App. 3d 298, and *People v. Dixon* (2d Dist. 1981), 96 Ill. App. 3d 1201 (Rule 23 order), with *People v. Riley* (1st Dist. 1980), 89 Ill. App. 3d 438, and *People v. Dean* (5th

Dist. 1978), 61 Ill. App. 3d 612.

We agree that the final step in a criminal judgment is the sentence (*In re J. N.* (1982), 91 Ill. 2d 122; *People v. Allen* (1978), 71 Ill. 2d 378, 381), and that in its absence an appeal ordinarily cannot be entertained because the judgment is not final (*People v. Lilly* (1974), 56 Ill. 2d 493, 496; *People ex rel. Filkin v. Flessner* (1971), 48 Ill. 2d 54, 56). In cases somewhat similar to this, however, the absence of a sentence has not been thought to preclude action by the reviewing court. In *People v. Lilly* (1974), 56 Ill. 2d 493, the defendant had been found guilty of rape and indecent liberties with the same victim based upon a single act. The trial judge had entered judgment on both verdicts but sentenced defendant only on the rape conviction. On appeal, the defendant argued that his sentence was improper and that the trial court erred in entering a judgment of conviction on the indecent-liberties charge. This court agreed that there could be but one conviction where both charges were predicated on a single act and vacated the indecent-liberties conviction, holding that there was no jurisdictional bar to vacating the judgment despite its nonfinal character because the case was properly before the court on appeal with regard to defendant's rape conviction. 56 Ill. 2d 493, 496.

Following *Lilly,* in *People v. Scott* (1977), 69 Ill. 2d 85, this court held that the appellate court had authority to remand for the imposition of sentence on defendant's aggravated-kidnaping conviction where defendant had appealed that conviction seeking its reversal. The court noted that "Rule 615(b) specifically authorizes the reviewing court to modify the judgment or order from which the appeal is taken," and held that "in ordering the imposition of a sentence on the conviction on which no sentence had previously been imposed the appellate court did not increase defendant's punishment." (69 Ill. 2d 85, 88.) In so holding, the court rejected the defendant's contention that such

action expanded the State's right to appeal beyond that provided for in our rules (see 58 Ill. 2d R. 604), pointing out that the issue before it was not whether the State could appeal the refusal to impose sentence, for it was the defendant who had appealed. While those cases do not resolve the issue of the State's right to seek a remand here, they do indicate that the absence of sentence on one of two or more defendant-appealed convictions is not a jurisdictional defect.

The issue here differs in that the defendant has not appealed from the mob-action and disorderly-conduct convictions. Because he did not appeal those convictions, defendant urges that remanding for the imposition of sentence would effectively broaden the right of the State to appeal. We do not agree. The situation before us is an anomalous one in that the trial judge's failure to impose sentence on defendant's convictions for mob violence and disorderly conduct stemmed from his belief that they merged into the other two offenses upon which he did impose sentence. The armed-violence, aggravated-battery, mob-action, and disorderly-conduct charges upon which defendant was convicted in a single trial all arose from a series of separate but closely related acts. Our Rule 615(b)(2) (73 Ill. 2d R. 615(b)(2)) provides:

> "(b) Powers of the Reviewing Court. On appeal the reviewing court may:
> ***
>> (2) set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken."

Since the appeal was properly before the appellate court with regard to defendant's convictions for armed violence and aggravated battery, and the failure to impose sentences upon the two unappealed convictions had been intimately related to and "dependent upon" the appealed convictions within the meaning of Rule 615(b)(2), we believe

that court was authorized to remand the cause for imposition of sentence. Any other interpretation of the rule could have mischievous consequences. If, for example, the appellate court had vacated the armed-violence and aggravated-battery convictions for reasons inapplicable to the mob-action and disorderly-conduct judgments, and could not remand for imposition of sentence on the latter, it is conceivable that the crimes could go unpunished. We accordingly conclude that the appellate court could properly have remanded for sentence here.

Defendant also argues that even if the appellate court had such authority, a remand is inappropriate because he was improperly convicted of mob action. The section under which he was convicted provides that mob action consists of "[t]he use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law." (Ill. Rev. Stat. 1979, ch. 38, par. 25—1(a)(1).) (The jury further found that as a participant in a mob action defendant violently inflicted injury on another person which enhanced the offense to a felony under subsection (c).) Defendant urges, however, that a disturbance of the "public peace" cannot occur within the confines of a jail.

Recently, in construing our disorderly conduct statute, this court rejected the argument that, in order to provoke a breach of the peace, an act must be performed in public view. (*People v. Davis* (1980), 82 Ill. 2d 534, 538.) There the conduct giving rise to the charge occurred in a private home, and the court specifically rejected as "devoid of merit" the contention that the acts must occur in public view, and quoted the committee comment on the statutory purpose that "[n]o attempt has been made to limit the scope of the article to public acts." 82 Ill. 2d 534, 538.

Numerous decisions interpreting riot statutes which require a "disturbance of the public peace" or a "public disturbance" have reached the same conclusion. (*E.g., United*

*States v. Bridgeman* (D.C. Cir. 1975), 523 F.2d 1099, and cases cited therein; *Commonwealth v. Zwierzelewski* (1955), 177 Pa. Super. 141, 110 A.2d 757; see also *McClelland v. State* (1968), 4 Md. App. 18, 240 A.2d 769.) Further, the committee comments accompanying the mob-action statute support this holding. Subsection (1), under which defendant was convicted, incorporates the offenses under the prior law of rout, riot and affray (Ill. Ann. Stat., ch. 38, par. 25—1, Committee Comments, at 140 (Smith-Hurd 1977)), and under the prior law neither rout nor riot required that a disorder occur in a public place (Ill. Rev. Stat. 1959, ch. 38, par. 503 (rout), par. 504 (riot)).

Defendant's final contention is that under *People v. King* (1977), 66 Ill. 2d 551, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, a remand for sentencing is improper because his convictions for aggravated battery, mob action, and disorderly conduct were predicated upon a single act. While he essentially concedes that the evidence disclosed that he repeatedly struck Mastro with a club, he argues that the term "act," as used in *King,* was intended to encompass a continuous act such as a beating, where there is no change in the nature or severity of the act. This argument overlooks the fact that the court in *King* specifically defined the term "act" and also abandoned the "independent motivation" test for determining whether multiple convictions and concurrent sentences could stand.

An "act," as defined in *King,* is "any overt or outward manifestation which will support a different offense." (66 Ill. 2d 551, 566.) As long as there are multiple acts, their interrelationship does not preclude multiple convictions and the imposition of concurrent sentences for separate offenses none of which are by definition lesser included offenses. (*People v. Myers* (1981), 85 Ill. 2d 281, 288; *People v. King* (1977), 66 Ill. 2d 551, 566.) Here the evidence disclosed that defendant and a codefendant struck Mastro

with clubs several times. Indeed one of the deputy sheriffs testified that he observed defendant strike Mastro four or five times after he had arrived and the beating was already in progress. Thus, the separate blows, even though closely related, were not one physical act (*People v. Myers* (1981), 85 Ill. 2d 281, 289; see also *People v. Vriner* (1978), 74 Ill. 2d 329, 346-47) and support convictions and concurrent sentences for both aggravated battery and mob action.

The judgment of the appellate court is accordingly reversed in part and affirmed in part. The cause is remanded to the circuit court of Du Page County with directions to impose sentence on defendant's mob-action conviction to run concurrently with the aggravated-battery conviction and to vacate the armed-violence and disorderly-conduct convictions.

*Appellate court affirmed in part*
*and reversed in part; cause*
*remanded, with directions.*

JUSTICE MORAN, concurring in part and dissenting in part:

I dissent from the portion of the majority opinion holding that the appellate court could have properly remanded the cause for sentencing on the two convictions for which no sentence had been imposed. The armed-violence and aggravated-battery convictions were properly before the appellate court. However, the mob-violence and disorderly-conduct convictions were not appealed by defendant. The opinion's rationale for permitting these two convictions to be remanded for sentencing is that they were "intimately related to and 'dependent upon' the appealed convictions within the meaning of Rule 615(b)(2)" (73 Ill. 2d R. 615(b)(2)). (91 Ill. 2d at 353-54.) I disagree.

Our Rule 606(a) (73 Ill. 2d R. 606(a)) provides in perti-

nent part: "No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." Here, the appellate court never obtained jurisdiction over the unappealed mob-violence and disorderly-conduct convictions. In this regard, I find *People v. Lilly* (1974), 56 Ill. 2d 493, and *People v. Scott* (1977), 69 Ill. 2d 85, inapposite. Those cases did not involve a situation like the instant case, where an appellate court attempted to assume jurisdiction over unappealed convictions. Although the opinion concedes that these cases do not resolve the issue of the State's right to seek a remand here, nevertheless the majority finds that the cases do indicate the absence of sentence on one of two or more defendant-appealed sentences is not a jurisdictional defect. (91 Ill. 2d at 353.) *Lilly* involved two convictions based on a *single* act where the judgment of conviction for which no sentence was imposed was appealed. Similarly, in *Scott*, the issue before this court was "whether, having before it the defendant's appeal seeking reversal of the conviction for aggravated kidnapping, the appellate court was empowered to remand the cause for imposition of sentence." (69 Ill. 2d 85, 87.) This court specifically stated, "We need not and do not decide the question whether absent an appeal by defendant the People could have sought review of the order 'merging' the aggravated kidnapping conviction and the failure to impose sentence on that count." (69 Ill. 2d 85, 87.) I believe the more accurate conclusion to be derived from these cases is that the absence of a sentence imposed on a conviction is not a jurisdictional bar to review so long as defendant has appealed that conviction. A broader reading of Rule 615(b)(2) that confers jurisdiction on an unappealed conviction is not implied by the above cases.

Rule 615(b)(2) provides:

"(b) Powers of the Reviewing Court. On appeal the reviewing court may:

\*\*\*

(2) set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken." (73 Ill. 2d R. 615(b)(2).)

The fallacy in the majority's interpretation of the rule is its degradation of the plain language pertaining to setting aside, affirming or modifying the judgment or order *from which the appeal is taken.* The opinion emphasizes the portion of the rule relating to dependent proceedings in arriving at its conclusion. However, it is the appealed judgment from which the court derives its reviewing powers. By holding that failure to impose sentence upon an unappealed conviction, arising out of different acts, is "dependent upon the appealed conviction," the majority effectively eviscerates the focal point of the rule.

Further, interpreting Rule 615(b)(2) as the majority does results in a conflict with our Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)), which provides:

"(a) Appeals by the State.

(1) *When State May Appeal.* In criminal cases the State may appeal *only* from an order or judgment the substantive effect of which results in dismissing a charge \*\*\*; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (Emphasis added.)

Thus, under the clear language of Rule 604(a)(1), the State cannot appeal a conviction to seek an order for imposition of a sentence. (Accord, *People v. Gum* (1980), 85 Ill. App. 3d 298, 302.) Interpreting Rule 615(b)(2) to allow an unappealed conviction to act as a "proceeding dependent upon the appealed conviction" would, in effect, expand the State's right of appeal beyond that contemplated by Rule 604(a)(1).

Finally, the majority reasons that any interpretation of Rule 615(b)(2) other than the one it advances could have "mischievous consequences" in that if the convictions for which sentences were imposed were reversed, defendant

could go unpunished. In short, the court, to avoid the potentiality of that occurrence (a situation not before the court in this case), has "forced" an interpretation never contemplated by its rule in order to reach a desired result. I suggest the proper approach is for this court, under its authority derived from article VI, section 16, of the Illinois Constitution, to clearly enhance the powers of the reviewing court, rather than fashioning an interpretation that I see as inconsistent with the plain language of the existing rule.

JUSTICE GOLDENHERSH joins in this partial concurrence and partial dissent.