THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARY ANN MICHEL, Defendant-Appellant.

Second District    No. 2—90—1427

Opinion filed June 24, 1992.

G. Joseph Weller and Ingrid L. Moller, both of State Appellate Defender's Office, of Elgin, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Mary Jo Hunt, State's Attorney, of Galena (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Assistant Attorney General, of Chicago, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

Defendant, Mary Ann Michel, was charged by indictment with one count of filing a fraudulent retailers' occupation tax return and one count of signing a fraudulent retailers' occupation tax return. (Ill. Rev. Stat. 1989, ch. 120, par. 452.) Following a bench trial in the circuit court of Jo Daviess County, defendant was found guilty of both counts. The trial court entered convictions on both counts. During the sentencing hearing, the trial court questioned the State as to whether defendant could be sentenced on both counts since the offenses arose from the same transaction. The State indicated that it would take the most conservative legal approach possible and that defendant probably should be sentenced on only one count. The State opted for sentencing on count II, signing a fraudulent tax return. The court then sentenced defendant to 30 months of probation and ordered her to pay $1,118 in restitution on count II. No sentence was imposed on count I.

On appeal defendant contends that her conviction of filing a fraudulent tax return must be vacated because both offenses arise from one physical act. (*People v. King* (1977), 66 Ill. 2d 551.) Additionally, defendant posits that filing a fraudulent tax return is a lesser included offense of signing a fraudulent tax return. Defendant did not raise this issue in her post-trial motion or at sentencing

when the trial court raised the question of sentencing on both counts.

First, the State argues that this court does not have jurisdiction to hear the appeal. Pointing out that the final judgment in a criminal case is the imposition of sentence, the State asserts that no appeal can be taken from count I because no sentence was imposed. (*People v. Lilly* (1974), 56 Ill. 2d 493.) The State acknowledges that an exception to this rule occurs when an appeal from a final judgment on another offense is taken, the reviewing court may also review the conviction on which no sentence was imposed. It asserts, however, that defendant only appealed the nonfinal conviction. Defendant makes no reply to the State's position.

In *Lilly* (56 Ill. 2d 493), the defendant was convicted of indecent liberties and rape. While judgment was entered on both verdicts, the trial court sentenced the defendant on only the rape charge because both offenses arose from a single act. On appeal, the defendant claimed that the conviction on the indecent liberties charge must be vacated.

The supreme court noted that the final judgment in a criminal case is a sentence, and in the absence of the imposition of a sentence, an appeal cannot be entertained. (*Lilly*, 56 Ill. 2d at 496.) Since the case was properly before the court on appeal with regard to the defendant's claim as to his rape conviction, the court concluded that it had authority to vacate the incomplete judgment entered on the indecent liberties charge. (*Lilly*, 56 Ill. 2d at 496.) The defendant had raised an issue with respect to the sentence imposed on the rape charge.

In *People v. Scott* (1977), 69 Ill. 2d 85, the supreme court determined that the appellate court had the authority to remand to the circuit court for imposition of a sentence on an aggravated kidnapping conviction. No sentence had been imposed on the aggravated kidnapping conviction. On appeal to the appellate court, the defendant had argued that the aggravated kidnapping and rape convictions arose from the same physical act and that only the conviction of the more serious offense, rape, could stand. The appellate court found that the offenses were not carved from the same act and remanded the cause for sentencing on the aggravated kidnapping. In affirming the appellate court, the supreme court did not consider the issue whether the order appealed from was final and appealable as the matter had not been raised. *Scott*, 69 Ill. 2d at 89.

In *People v. Dixon* (1982), 91 Ill. 2d 346, the supreme court remanded the case for imposition of a sentence on a conviction of

mob action after concluding that it was not one physical act with that of aggravated battery. Although the defendant had not appealed from the mob action and disorderly conduct convictions, the State had argued for a remand for the imposition of a sentence on one of the convictions. The *Dixon* court examined *Lilly* (56 Ill. 2d 493) and *Scott* (69 Ill. 2d 85) and found that the absence of a sentence on one of two or more defendant-appealed convictions was not a jurisdictional defect. The court found that the appeal was properly before the appellate court with regard to the defendant's convictions of armed violence and aggravated battery. The failure to impose sentence on the two unappealed convictions was intimately related to and dependent upon the appealed convictions so that remand was authorized.

More recently, the supreme court in *People v. Caballero* (1984), 102 Ill. 2d 23, found that armed violence convictions and unlawful restraint convictions were not properly before the court because sentence was imposed only on the murder convictions. The defendant had been sentenced to death on the murder convictions, and the case was on appeal to the supreme court on those convictions. The notice of appeal indicated that appeals were taken from all the convictions. The court noted that final judgment in a criminal case is a sentence, and in the absence of a sentence, an appeal cannot be entertained. (*Caballero*, 102 Ill. 2d at 51.) Thus, the court dismissed the appeals from the convictions of armed violence and unlawful restraint. Accord *People v. Flores* (1989), 128 Ill. 2d 66; *People v. Kuhn* (1988), 126 Ill. 2d 202; *People v. Friend* (1988), 177 Ill. App. 3d 1002.

■■ ■ The notice of appeal in the case at bar indicates that defendant appealed from the November 30, 1990, order of the trial court. This order entered sentence on the conviction of signing a fraudulent tax return. No issue has been raised with respect to this conviction, unlike the situation in *Lilly* or *Dixon*. Based upon *People v. Caballero* (1984), 102 Ill. 2d 23, no appeal can be taken from the conviction of filing a fraudulent tax return since no sentence was imposed on the conviction. An appeal cannot be entertained in the absence of a final judgment, and there is no final judgment in a criminal case until sentence is imposed. (*Caballero*, 102 Ill. 2d at 51.) It does not follow that the conviction must be vacated because no sentence was imposed; it simply means there can be no appeal of it. (See *Flores*, 128 Ill. 2d at 95.) We note that the proper forum for defendant seeking to vacate the judgment of a conviction on the offense of filing a fraudulent tax return is the trial court which has

retained jurisdiction on this particular conviction as no final judgment has been entered. 134 Ill. 2d R. 606.

Based on the foregoing, the appeal of defendant's conviction of filing a fraudulent tax return is dismissed.

Appeal dismissed.

INGLIS, P.J., and BOWMAN, J., concur.