(No.77551.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DANIEL ARNA, Appellant.

*Opinion filed October 26, 1995.—Rehearing denied December 4, 1995.*

NICKELS, J., joined by McMORROW, J., dissenting.

Michael J. Pelletier, Deputy Defender, and Kenneth L. Jones, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

James Ryan, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee Goldfarb, Susan R. Schierl and Ross M. Eagle, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

After a bench trial, the judge convicted Daniel Arna

of two counts of attempted first degree murder for the shootings of Tonya Parks and Whitney Newell and sentenced him to concurrent terms of 30 and 45 years in prison. Defendant appealed, and the appellate court affirmed his convictions. (263 Ill. App. 3d 578.) Additionally, however, the appellate court found consecutive sentences mandatory and ordered the circuit court to impose consecutive sentences on remand. We affirm.

The relevant facts are as follows. Tonya Parks lived with Darrin Newell for four years until she moved out in December of 1990. Within a few months of leaving Newell, Parks met and moved in with defendant. While they lived together, defendant told Parks that if she ever left him he would kill her. Nevertheless, Parks left the defendant in mid-June of 1991 and moved back in with Darrin Newell.

On June 20, Parks, Newell, and their two children, Whitney and Porchia, went to a currency exchange at 422 East 61st Street in Chicago to pick up Parks' public aid check. Parks received her check and turned to use a table. She looked up and saw the defendant standing in the door of the currency exchange. Defendant then pulled out a handgun and shot Whitney twice in the head. As Parks ducked and tried to protect Whitney, the defendant shot her once in the chest. At the time of the shooting, Whitney was two years old.

Defendant then ran away. Newell put Parks and Whitney in his car and began driving to the hospital. En route, Parks told a police officer that her ex-boyfriend Daniel, the defendant, had shot her and Whitney. Later that day, after viewing a lineup, Newell positively identified defendant as the shooter.

Defendant turned himself in to police. He claimed that he went to the currency exchange to find Parks, but that an unidentified person pushed him aside and committed the crimes.

While in jail awaiting trial, the defendant re-established contact with Parks. Defendant asked Parks to write him a letter stating that he was not the man who shot her and Whitney. Parks did so in May of 1991. Parks also executed a notarized affidavit which stated that Parks had been essentially coerced into implicating defendant and that Parks knew defendant was not the man who shot her.

Defendant waived his right to a jury trial and received a bench trial. At trial, Parks implicated defendant and stated that her letter and affidavit exculpating him were not true.

The judge found defendant guilty of two counts of attempted first degree murder. The judge stated that he was aware that Parks had changed her story several times, but that "the evidence *** established without any doubt" that defendant committed the crimes. He found defendant's story that he had been pushed aside by an unknown assailant "to be completely without belief."

The judge sentenced defendant to 30 years' imprisonment for the attempted murder of Tonya Parks. He found defendant eligible for an extended term of 30 to 60 years for the attempted murder of Whitney Newell and sentenced defendant to 45 years on that count. The judge specifically stated that the sentences were to run concurrently.

The defendant filed an appeal wherein he made several arguments challenging his convictions. Neither party on appeal objected to the concurrent nature of defendant's sentences. The appellate court first rejected defendant's claims of error and affirmed his convictions. The court went on, however, to hold that consecutive sentences were mandatory under section 5—8—4 of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1992)). The court concluded by ordering that the

concurrent sentences be vacated and the cause remanded to the trial court for determination of the "appropriate sentences to be imposed consecutively."

Defendant's first claim of error relates to the propriety of the appellate court's action in *sua sponte* ordering that consecutive sentences be imposed. Section 5—8—4 of the Code governs the imposition of concurrent and consecutive sentences. (730 ILCS 5/5—8—4 (West 1992).) In both *People v. Wittenmyer* (1992), 151 Ill. 2d 175, and *People v. Bole* (1993), 155 Ill. 2d 188, this court interpreted section 5—8—4(a) of the statute as setting up certain conditions under which either consecutive or concurrent terms are mandatory. The determining criterion is whether the offenses were "committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." (730 ILCS 5/5—8—4(a) (West 1992).) If these conditions are satisfied then consecutive sentences are mandatory if either: (1) one of the offenses was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or (2) one of the offenses was a violation of section 12—13 or 12—14 of the Criminal Code of 1961 (720 ILCS 5/12—13, 12—14 (West 1992) (sexual assault or aggravated sexual assault)).

Defendant's primary argument is that once the trial court decides that consecutive terms are not mandatory, the appellate court has no authority to review this determination. Defendant relies on two supreme court rules: Rule 615(b), which does not grant the appellate court the authority to increase a sentence on review, and Rule 604(a), which does not grant the State the right to appeal sentencing issues. (134 Ill. 2d Rules 604(a), 615(b).) The State contends instead that the appellate court acted pursuant to its inherent authority to correct void orders of the trial court.

We agree with the State that the order imposing

concurrent terms was void. Each of the requirements for mandatory consecutive sentences was met in this case. First, the offenses were committed in a single course of conduct. Second, there was no substantial change in defendant's criminal objective from one shooting to the next. His clear intent from the start was to shoot and kill both victims. The fact that more than one victim was involved does not preclude a finding that defendant did not change his criminal objective. This was not a case where defendant intended to commit one crime, and in the course of that crime developed a new objective and committed another. Third, attempted murder, which is subject to a Class X sentence, is coupled here with the infliction of severe bodily injury.

A sentence which does not conform to a statutory requirement is void. (See, *e.g.*, *People v. Mapps* (1990), 198 Ill. App. 3d 521 (declaring void the portion of a sentence longer than statutory maximum); *People v. Simmons* (1993), 256 Ill. App. 3d 651 (declaring void a sentence of probation where not permitted by statute).) Because the order imposing concurrent terms was void, the appellate court had the authority to correct it at any time (*People v. Wade* (1987), 116 Ill. 2d 1), and the actions of the appellate court were not barred by our rules which limit the State's right to appeal and which prohibit the appellate court from increasing a defendant's sentence on review. *People v. Scott* (1977), 69 Ill. 2d 85; see also *People v. Dixon* (1982), 91 Ill. 2d 346.

Defendant next argues that the statute violates the due process and proportionate penalties clauses of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §§ 2, 11). He contends that all offenses committed in a single course of conduct without a substantial change in the criminal objective are by their nature less serious than those same offenses committed in multiple courses of conduct. Because the statute fails to recognize this fact

when serious felonies are involved, he contends the statute is unconstitutional.

We disagree. The legislature is granted broad discretion in defining crimes and affixing their punishment. (See *People v. Hickman* (1994), 163 Ill. 2d 250.) The statute in this case does not exceed constitutional limits. A sentencing statute satisfies the due process clause as long as it is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare. (*People v. Wagner* (1982), 89 Ill. 2d 308.) A sentencing scheme violates the proportionate penalties clause only if the penalty is cruel or degrading, or so disproportionate to the offense committed as to shock the moral sense of the community. (*People v. Steppan* (1985), 105 Ill. 2d 310.) Sentencing defendants to consecutive terms for Class X and Class 1 felonies and for sexual assault when those offenses are committed in a single course of conduct is a reasonable legislative determination. Thus, we conclude that section 5—8—4(a) of the Code (730 ILCS 8/5—8—4(a) (West 1992)) does not violate either the due process or proportionate penalties clauses of our constitution (Ill. Const. 1970, art. I, §§ 2, 11).

Defendant's final contention is that he was denied effective assistance of counsel because his attorney failed to use Parks' prior inconsistent statements as substantive evidence of his innocence. To prove ineffectiveness of counsel, a defendant must establish that his counsel's performance fell below an objective standard of reasonableness (*Strickland v. Washington* (1984), 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064) and that there was a reasonable probability that if counsel had not made the errors, the result of the proceeding would have been different (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068).

Defendant has failed to prove prejudice. Parks

changed her story at the behest of the defendant while they were in a period of reconciliation. It is highly unlikely that the trial judge would have chosen to believe Parks' inconsistent support of defendant's otherwise uncorroborated story over the consistent identifications and trial testimony of Parks and Newell. Indeed, the judge himself stated that defendant's story was "completely without belief." Hence, defense counsel's failure to emphasize the substantive value of the statements can only be considered harmless.

The judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE NICKELS, dissenting:

The appellate court had no authority to impose consecutive sentences in this case. In order to impose consecutive sentences, the trial court must first make a factual determination that the offenses were part of the same course of conduct during which there was no substantial change in criminal objective. (730 ILCS 5/5—8—4(a) (West 1992).) Once that factual determination is made, our rules do not allow the State to appeal the issue. 134 Ill. 2d R. 604(a).

The majority finds that the sentencing order was "void" and may therefore be corrected on appeal. In this way, the majority is able to review that which is not reviewable. I agree that a trial court has no authority to impose a sentence that is contrary to the parameters outlined by the legislature. However, this particular sentencing decision did not produce a void judgment. This court has defined void judgments in the following manner:

"A void judgment is one entered by a court without jurisdiction of the parties or the subject matter or that lacks 'the inherent power to make or enter the particular order involved.' " (*People v. Wade* (1987), 116 Ill. 2d 1, 5, quoting *R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309.)

There can be no dispute that the trial court had both personal jurisdiction over the defendant and subject matter jurisdiction regarding criminal matters. Furthermore, the trial court had the statutory power to impose concurrent sentences if it determined either that the offenses were not committed as part of a single course of conduct or that there was a substantial change in criminal objective. (730 ILCS 5/5—8—4(a) (West 1992).) Thus, the trial court did not lack "the inherent power to make or enter the particular order involved" and the sentencing order was not "void."

In the instant case, the sentencing order is only contrary to the statute if a court reviews the facts of the crime and comes to a different conclusion regarding whether the acts are part of the same course of conduct or whether there was a substantial change in criminal objective. This is exactly what the majority does. The majority states:

> "[T]here was no substantial change in defendant's criminal objective from one shooting to the next. His clear intent from the start was to shoot and kill both victims. The fact that more than one victim was involved *does not preclude a finding that defendant did not change his criminal objective*. This was not a case where defendant intended to commit one crime, and in the course of that crime developed a new objective and committed another." (Emphasis added.) (168 Ill. 2d at 113.)

The trial court is presumed to know the law and act accordingly. (*People v. Sally* (1980), 84 Ill. App. 3d 167, 171.) In imposing concurrent sentences, it must be presumed that the trial court found that each shooting was motivated by a separate criminal objective. Although a different factual finding may not be "precluded" by the facts of this case, this factual determination was made in favor of the defendant and is not subject to appeal by the State.

Until now, the State could not appeal sentencing issues. (134 Ill. 2d R. 604(a).) In addition, our rules

prohibited the appellate court from increasing the sentence of a defendant who exercised his right to appeal. (134 Ill. 2d R. 615(b).) Under the reasoning presented in the majority opinion, the State cannot appeal a sentencing issue *unless it is wrong*. Now, the State can argue that it is not appealing a factual conclusion reached by the trial court, it is instead appealing a "void" order that is contrary to the statute. In addition, a defendant must now carefully consider the decision to appeal because of a new risk of having his sentence increased. I find the imposition of consecutive sentences on appeal to be an abuse of our rules. Therefore, I respectfully dissent.

JUSTICE McMORROW joins in this dissent.