# Illinois Official Reports

## Appellate Court

> ### *People v. Ross*, 2018 IL App (3d) 160478

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICTAVIUS T. ROSS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0478 |
| Filed | December 6, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 15-CF-506; the Hon. John P. Vespa, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Patrick Delfino, David J. Robinson, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justice McDade concurred in the judgment and opinion.<br>Justice Wright specially concurred, with opinion. |

**OPINION**

¶ 1        Defendant, Mictavius T. Ross, argues that his unsentenced conviction for home invasion must be vacated based on one-act, one-crime principles. Defendant's unsentenced conviction is not a final judgment. Consequently, we lack jurisdiction to consider its validity, and we dismiss defendant's appeal.

¶ 2                                                      FACTS

¶ 3        A grand jury charged defendant with attempted armed robbery (720 ILCS 5/8-4(a), 18-2(a)(2) (West 2014)) (count I), three counts of home invasion (*id.* § 19-6(a)(3)-(5)) (counts II through IV), and aggravated battery (*id.* § 12-3.05(e)(1)) (count V). Following a trial, a jury acquitted defendant of home invasion as charged in count II of the indictment. The jury found defendant guilty on the remaining charges.

¶ 4        At the sentencing hearing, defense counsel argued that the court should sentence defendant on home invasion as charged in count III of the indictment but not on home invasion as charged in count IV because both counts charged defendant with the same offense. Regarding count IV, defense counsel argued: "I think judgment is entered on it, but I don't think it gets sentenced." The State agreed. The court sentenced defendant to 4 years' imprisonment for attempted armed robbery (count I), 30 years' imprisonment for home invasion (count III), and 8 years' imprisonment for aggravated battery (count V). The court ordered that all the sentences would run concurrently with each other.

¶ 5        In its written order, the court set forth the three sentences it imposed at the sentencing hearing. The court also stated: "As to count 4, judgment only enters but judgment on sentences in 1, 3, and 5." In another written order titled "Judgment—Sentence to Illinois Department of Corrections," the court set forth defendant's sentences on counts I, III, and V. That order did not mention count IV.

¶ 6                                                   ANALYSIS

¶ 7        Defendant's sole argument on appeal is that his conviction for home invasion as charged in count IV of the indictment must be vacated under one-act, one-crime principles. We find that defendant's unsentenced home invasion is not a final judgment, and consequently, we lack jurisdiction to consider its validity.

¶ 8        Article VI, section 6, of the Illinois Constitution grants the appellate court jurisdiction over final judgments of the circuit court. Ill. Const. 1970, art. VI, § 6. "The final judgment in a criminal case is the sentence, and, in the absence of the imposition of a sentence, an appeal cannot be entertained." *People v. Caballero*, 102 Ill. 2d 23, 51 (1984); see also *People v. Relerford*, 2017 IL 121094, ¶ 71; *People v. Flores*, 128 Ill. 2d 66, 95 (1989). Where a circuit court fails to impose a sentence on a conviction, "it does not follow *** that the conviction must be vacated. It simply means that there can be no appeal of it." *Flores*, 128 Ill. 2d at 95.

¶ 9        Here, defendant's conviction for home invasion as charged in count IV of the indictment is not a final judgment because the court did not impose a sentence on it. See *Caballero*, 102 Ill. 2d at 51. Accordingly, we lack jurisdiction to consider its validity, and we must dismiss defendant's appeal. See *Flores*, 128 Ill. 2d at 95.

¶ 10    We reject defendant's reliance on *People v. Lilly*, 56 Ill. 2d 493 (1974) in support of his argument that we must vacate his unsentenced home invasion conviction. In *Lilly*, a jury found the defendant guilty of both rape and indecent liberties. *Id.* at 495. The court entered judgment on both verdicts but only sentenced defendant on the charge of rape. *Id.* On appeal, the defendant argued that (1) his sentence for rape was improper and (2) "the trial court erred in entering judgment on the verdict of guilty on the indecent liberties charge" because it was based on the same act as the rape charge. *Id.* at 495-96. The court affirmed the defendant's sentence for rape but vacated his indecent liberties conviction. *Id.* at 497. Regarding its *vacatur* of the unsentenced indecent liberties conviction, the court reasoned:

> "It is true that 'The final judgment in a criminal case is a sentence' [citation] and that in the absence of the imposition of sentence an appeal cannot be entertained. [Citation.] However, this case is properly before us on appeal with regard to the defendant's claim as to his conviction for rape and we have authority under Rule 366 to vacate the incomplete judgment entered on the indecent liberties verdict. [Citations.] Accordingly we will vacate the judgment of conviction as to the count of the indictment which charged the defendant with the lesser offense of indecent liberties." *Id.* at 496.

¶ 11    In the instant case, unlike in *Lilly*, this case is not properly before us on appeal with regard to any of the sentenced convictions (*i.e.*, final judgments) entered in this case. Rather, defendant's sole contention of error is that his unsentenced home invasion conviction must be vacated. Accordingly, the *Lilly* court's basis for exercising jurisdiction over the defendant's unsentenced conviction does not apply in this case. We reject defendant's reliance of *People v. Bolar*, 229 Ill. App. 3d 563, 568 (1992), which relied on *Lilly*, for the same reasons.

¶ 12                                    CONCLUSION
¶ 13    For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

¶ 14    Appeal dismissed.

¶ 15    JUSTICE WRIGHT, specially concurring:
¶ 16    I write separately because much confusion arises from careless terminology appearing in many records on appeal. A final judgment of conviction has two components, namely, (1) a finding of guilt by a trier of fact and (2) a court order finalizing the judgment of conviction by imposing punishment. Without both components, a final judgment does not exist for our review.

¶ 17    I recognize that it is common for attorneys and clerical personnel to refer to the jury's verdict as a judgment and refer to the court's sentencing order as the final judgment. I respectfully suggest it is more accurate to refer to the trier of fact's determination as an *adjudication* of guilt. If the trial court has not imposed a sentence following the trier of fact's adjudication of guilt, our court has nothing to review, reverse, or remand.

¶ 18    For these reasons, I specially concur.