194

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSE M. OLIVA, Defendant-Appellant.

(No. 12679;

Fourth District—July 17, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction following negotiated pleas of guilty to two counts charging forgery, *i.e.*, knowingly making a document apparently capable of defrauding another [1] and knowingly delivering such document with intent to defraud.[2] Sentence of 2 to 6 years was imposed.

The prosecution agrees with defendant's contention that while no sentence was imposed upon a second count, that conviction must be re-

---

[1] Ill. Rev. Stat. 1973, ch. 38, par. 17—3(a-1).
[2] Ill. Rev. Stat. 1973, ch. 38, par. 17—3(a-2).

versed and the cause remanded with directions to vacate the judgment of guilt upon count II, and to issue an amended mittimus which reflects a conviction only upon count I of the indictment. *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1.

It is urged that the conviction must be reversed because at the time of the taking of the plea of guilty defendant was not admonished as to the mandatory term of parole imposed by statute as a part of the sentence.[3]

■■ In *People v. Wills*, 61 Ill.2d 105, 330 N.E.2d 505, it was held that Supreme Court Rule 402(a)(2) requires that defendant be admonished that the mandatory period of parole pertaining to the offense is a part of the sentence that will be imposed and that defendant can be held subject to the jurisdiction of the Parole and Pardon Board for a period of time equal to the maximum term of imprisonment provided in the indeterminate sentence and the parole term.[4] By supplemental opinion on denial of rehearing, it was determined that the requirement of such admonition was to be applied prospectively and only as to pleas of guilty taken subsequent to May 19, 1975. The plea here concerned was taken on May 10, 1974. Upon such determination we are not authorized to reverse upon the failure to admonish as to the mandatory parole term.

■■ The conviction of forgery and the sentence upon count I of the complaint are affirmed. The conviction upon the plea of guilty to count II is reversed and the cause is remanded with directions to the circuit court to vacate the judgment of guilt upon such plea and to issue an amended mittimus to show a conviction only upon count I of such information.

Affirmed in part, reversed in part and remanded with directions.

SIMKINS, P. J., and CRAVEN, J., concur.

---

[3] Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e).
[4] Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—10(a).