No. 3--06--0295

_____

Filed April 9, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--116 |
| PHILLIP L. HORRELL, | ) ) | Honorable Kathy S. Bradshaw Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the opinion of the court:
_____


The defendant, Phillip L. Horrell, pled guilty to six counts
of forgery (720 ILCS 5/17--3(a)(1), (2) (West 2004)) concerning
three checks.  The trial court sentenced the defendant to five
concurrent five-year terms of imprisonment on counts I to V, and
one year of probation on count VI.  On appeal, the defendant
argues that three of the six counts for which he was convicted
must be vacated under one-act, one-crime principles.  We affirm
and modify the sentence with regard to count VI.

BACKGROUND

In counts I, III, and V, the State charged the defendant
with making three forged checks (720 ILCS 5/17--3(a)(1) (West

2004)).  In counts II, IV, and VI, the State charged him with delivering the same three checks, knowing the checks to have been made (720 ILCS 5/17--3(a)(2) (West 2004)).  Counts I and II concerned one check, counts III and IV concerned a second check, and counts V and VI concerned a third check.  The court accepted the defendant's blind plea, and found him guilty of the six counts.

In the court's written sentencing order, the court imposed concurrent five-year terms of imprisonment for counts I to V.  This document, however, does not mention count VI.  At the sentencing hearing, the judge said, "I'm gonna put you on probation when you get out [of prison]."  When the judge pronounced sentence, she stated,

"As to *** all the counts you pled to, *** and they're gonna run concurrent--on all of the counts, *** with the exception of Count 6, you are sentenced to five years in [the] Department of Corrections.  And then, Count 6, you are sentenced to *** one year reporting probation."

The court denied the defendant's motion to reconsider the sentences, and the defendant appealed.

ANALYSIS

The defendant contends that we must vacate three of his six convictions under one-act, one-crime principles because he only

2

committed three physical acts of forgery regarding three checks. The defendant acknowledges that he did not raise this issue in his motion to reconsider, and thus he has forfeited it on appeal. Consequently, he asks us to consider this issue for plain error.

In order to preserve an issue for appeal, a defendant must raise it in a written posttrial motion. People v. Lewis, 223 Ill. 2d 393, 860 N.E.2d 299 (2006). An issue that is not so preserved is forfeited on review. People v. Woods, 214 Ill. 2d 455, 828 N.E.2d 247 (2005). However, we may consider a forfeited issue for plain error. 134 Ill. 2d R. 615(a). The plain error rule permits review of a forfeited question where (1) the evidence was closely balanced; or (2) the error was so substantial that it would affect the fundamental fairness of the proceeding and the integrity of the judicial process. People v. Hall, 194 Ill. 2d 305, 743 N.E.2d 521 (2000).

In this case, the defendant failed to preserve his argument by raising it in his motion to reconsider. Therefore, the issue is forfeited on appeal. Nonetheless, we will consider the defendant's question for plain error because it concerns the fundamental fairness of the proceedings and the integrity of the judicial process. See Hall, 194 Ill. 2d 305, 743 N.E.2d 521.

The relevant portions of the Illinois forgery statute at issue in this case state the following:

3

"(a) A person commits forgery when, with intent to defraud, he knowingly:

(1) makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; or

(2) issues or delivers such document knowing it to have been thus made or altered."  720 ILCS 5/17--3(a)(1), (2) (West 2004).

The defendant submits that with regard to each check for which he was convicted under both sections 17--3(a)(1) and 17--3(a)(2), we should vacate one conviction under one-act, one-crime principles.  The one-act, one-crime rule prohibits multiple convictions where more than one offense is based on the same physical act.  People v. Crespo, 203 Ill. 2d 335, 788 N.E.2d 1117 (2001); People v. King, 66 Ill. 2d 551, 363 N.E.2d 838 (1977).

This court has found no Illinois case that is directly on point concerning the defendant's argument.  Thus, our application of the one-act, one-crime rule to sections 17--3(a)(1) and 17--3(a)(2) of the forgery statute appears to be a case of first impression.

Prior to the Illinois Supreme Court's ruling in King, 66 Ill. 2d 551, 363 N.E.2d 838, the court considered whether

4

multiple convictions should result from multiple acts under the "independent motivation" test articulated in People v. Stewart, 45 Ill. 2d 310, 259 N.E.2d 24 (1970). In King, however, the court rejected its previous "independent motivation" test in favor of the one-act, one-crime rule. The King court defined an "act" as "any overt or outward manifestation which will support a different offense." King, 66 Ill. 2d at 566, 363 N.E.2d at 844-45.

In Crespo, 203 Ill. 2d 335, 788 N.E.2d 1117, our supreme court reviewed several cases that had occurred since its King ruling in which it had applied the one-act, one-crime rule. In People v. Myers, 85 Ill. 2d 281, 426 N.E.2d 535 (1981), the court held that each of several stab wounds alternately inflicted on two victims constituted separate physical acts. In People v. Dixon, 91 Ill. 2d 346, 438 N.E.2d 180 (1982), the court rejected the defendant's argument that striking the victim several times with a club constituted one physical act of beating the victim. Furthermore, the Crespo court declined to apply a six-factor test concerning multiple convictions for multiple acts that had developed in various Illinois Appellate Court cases. The Crespo court reemphasized the simplicity of the King definition of an act.

In this case, we are called upon to interpret the language of sections 17--3(a)(1) and 17--3(a)(2) of the forgery statute

5

under the one-act, one-crime rule. The cardinal rule of statutory interpretation is to give effect to the intent of the legislature. People v. Howard, 374 Ill. App. 3d 705, 870 N.E.2d 959 (2007). The best indication of legislative intent is the language of the statute, which must be given its plain and ordinary meaning. Howard, 374 Ill. App. 3d 705, 870 N.E.2d 959.

In the instant case, the defendant was charged under section 17--3(a)(1) with the physical act of making the checks. Under section 17--3(a)(2), the defendant was charged with the separate physical act of delivering the forged checks. The act of making the checks was a different outward or overt manifestation from the act of delivering the checks. These separate physical acts support different offenses. Thus, we hold that under the one-act, one-crime rule articulated in King, 66 Ill. 2d 551, 363 N.E.2d 838, and reaffirmed in subsequent cases, such as Crespo, 203 Ill. 2d 335, 788 N.E.2d 1117, the trial court did not commit plain error by convicting the defendant of six counts of forgery concerning the making and delivering of three checks.

We are mindful that an accused, such as the present defendant, who both makes and delivers the same forged documents, theoretically could be convicted of three offenses under the plain language of the forgery statute. Section 17--3(a)(1) concerns making or altering documents. Section 17--3(a)(3) concerns possessing such documents with intent to deliver or

6

issue them (720 ILCS 5/17--3(a)(3) (West 2004)).  Section 17--3(a)(2) concerns actually delivering or issuing the documents.

We note that in this case, the trial court's sentencing order did not mention count VI.  However, during the sentencing hearing, the court said that the sentence for count VI was a one-year term of probation, and "I'm gonna put you on probation when you get out [of prison]."  Furthermore, the court's phrase, "with the exception of Count 6," ambiguously could have modified either the concurrent or the five-year aspects of the prison sentences.  The parties submit that the court's oral pronouncement meant that count VI was to be served consecutively to the defendant's prison sentences.  We disagree.

Under the first sentence of the applicable probation statute, a court has the authority to make a term of probation consecutive to a prison term, but only if the total sentence would not exceed the maximum prison sentence.  730 ILCS 5/5--6--2(f) (West 2004).  Additionally, under the second sentence of the statute, the court may order a defendant's probation to begin during his period of mandatory supervised release (MSR).  730 ILCS 5/5--6--2(f) (West 2004).

Forgery is a Class 3 felony.  720 ILCS 5/17--3(d) (West 2004).  The sentencing range for a Class 3 felony is from two to five years.  730 ILCS 5/5--8--1(a)(6) (West 2004).  The period of

7

mandatory supervised release for a Class 3 felony is one year. 730 ILCS 5/5--8--1(d)(3) (West 2004).

In this case, the trial court stated that the defendant's term of probation was to begin when he got out of prison. This oral pronouncement could have meant either that the probation term was to be served (1) consecutively to his prison sentence; or (2) during his one-year period of MSR. If the court's pronouncement concerned a consecutive term of probation, it would be void, as unauthorized by statute, under the first sentence of section 5--6--2(f) because the total term would exceed the maximum five-year prison sentence. See People v. Thompson, 209 Ill. 2d 19, 805 N.E.2d 1200 (2004). However, if the court intended the defendant's term of probation to begin during his period of MSR, the court's pronouncement was authorized by the second sentence of section 5--6--2(f). This second alternative, regarding serving probation during MSR, is the only alternative that is authorized by statute. Therefore, we modify the trial court's sentencing order by making the sentence for count VI a one-year term of probation to be served during the defendant's MSR. See 730 ILCS 5/5--6--2(f) (West 2004). Our modification of the sentence is pursuant to Supreme Court Rule 615(b)(1). 134 Ill. 2d R. 615(b)(1).

Additionally, we note that the State contends that we must vacate the defendant's conviction for count VI because the

8

sentence for count VI was made consecutive to the prison sentences. For the reasons articulated above, the State's assertion is both factually and legally incorrect. Thus, we need not consider it further.

CONCLUSION

For the foregoing reasons, we (1) affirm the judgment of conviction imposed by the Kankakee County circuit court concerning counts I through VI; (2) affirm the court's sentences regarding counts I through V; and (3) modify the sentencing order by making the sentence for count VI a one-year term of probation to be served during the defendant's MSR.

Affirmed as modified.

LYTTON and O'BRIEN J. J. concurring.

9