Nos. 2--07--0396 & 2--07--1062 cons.     Filed:  1-6-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--1499 |
| ROBERT ANGAROLA, | ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

In case No. 2--07--0396, defendant, Robert Angarola, appeals from his convictions, after a bench trial, of two counts of forgery and one count of deceptive practices.  He argues that (1) his counsel provided ineffective assistance by conceding defendant's guilt of forgery; (2) his conviction of deceptive practices, and his second conviction of forgery, must be vacated under the one-act, one-crime rule; and (3) his conviction of deceptive practices must be reversed because the statute governing the offense contains an unconstitutional presumption.  In case No. 2--07--1062, defendant appeals the trial court's first-stage dismissal of a postconviction petition he filed after his attorney failed to file a notice of appeal in case No. 2--07--0396.  For the reasons that follow, we affirm defendant's forgery convictions, but we vacate his conviction of deceptive practices and remand the cause for resentencing based on the proper convictions.  We affirm the trial court's first-stage dismissal of his postconviction petition.

Defendant was charged with two counts of forgery (720 ILCS 5/17--3(a)(1), (a)(2) (West 2006)), two counts of theft by deception (720 ILCS 5/16--1(a)(2) (West 2006)), and one count of deceptive practices (720 ILCS 5/17--1(B)(d) (West 2006)) in connection with an incident in which he was alleged to have used his father's checking account to purchase a truck. The evidence at defendant's trial, which included a taped confession from defendant, indicated that defendant purchased a truck from a car dealership with a check from his father's checkbook, without his father's permission. (Defendant and his father have the same name.) According to testimony from a police officer who interviewed defendant, defendant told the officer that he wrote the check knowing that there were insufficient funds in his father's account to cover the truck purchase; however, defendant testified that he meant to tell the officer that he knew at the time of the interview, but not at the time he wrote the check, that the funds were insufficient. In interviews with police, defendant explained that he anticipated receiving a disability settlement that would cover the check. However, after the check was returned for insufficient funds, defendant was forced to return the truck to the dealership.

During closing arguments, defense counsel conceded defendant's guilt of forgery but argued that defendant was not guilty of theft or of deceptive practices. The trial court found defendant guilty of deceptive practices and of both counts of forgery. However, the trial court found him not guilty of theft, because it found that there was insufficient evidence of his intent to permanently deprive the dealership of the truck. The trial court entered a written order stating that defendant was guilty of deceptive practices and two counts of forgery. However, in its written order after a sentencing hearing, the trial court indicated that defendant was convicted of one count each of theft, forgery, and deceptive practices, and it imposed three concurrent six-year terms of imprisonment.

Defendant filed neither a postjudgment motion nor a notice of appeal within 30 days of the trial court's sentencing order. See 210 Ill. 2d R. 606(b) (notice of appeal must be filed within 30 days of final order or the ruling on timely postjudgment motion). However, within six months of the expiration of the 30-day window for appeal, defendant filed a motion with this court to file a late notice of appeal. See 210 Ill. 2d R. 606(c) (allowing for late notice of appeal). We granted the motion, and the appeal was docketed as case No. 2--07--0396.

On the same day that he filed his motion to file a late notice of appeal, defendant filed a petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)). In his petition, defendant argued, among other things, that trial counsel was ineffective for failing to file a notice of appeal. The trial court found that the petition failed to state the gist of a constitutional claim and thus dismissed the petition before appointing an attorney to represent defendant in postconviction proceedings. With respect to the allegation that counsel failed to file a notice of appeal, the trial court deemed the issue "moot[,] as petitioner's appeal has been accepted by the Appellate Court." Defendant appealed, and we docketed the appeal as case No. 2--07--1062. We later consolidated both of defendant's appeals for decision.

Defendant's first argument in case No. 2--07--0396 is that his counsel provided him ineffective assistance by conceding his guilt of the forgery counts. A defendant's right to effective assistance of counsel is provided by the sixth and fourteenth amendments to the United States Constitution. U.S. Const., amends. VI, XIV; People v. Conley, 118 Ill. App. 3d 122, 127 (1983). Normally, courts evaluate the question of whether a defendant was denied effective assistance of counsel in accordance with the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). To prevail on a claim of ineffective assistance under the

Strickland test, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance so prejudiced the defense as to deny the defendant a fair trial. Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693,104 S. Ct. at 2064. "However, the court in Strickland also noted that there are some circumstances so likely to prejudice the accused that such prejudice need not be shown, but instead will be presumed." People v. Hattery, 109 Ill. 2d 449, 461 (1985), citing Strickland, 466 U.S. at 692, 80 L. Ed. 2d at 696, 104 S. Ct. at 2067. Those circumstances include cases in which there is a complete denial of counsel as well as cases in which "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." United States v. Cronic, 466 U.S. 648, 659, 80 L. Ed. 2d 657, 668, 104 S. Ct. 2039, 2047 (1984). Our supreme court has held that a defense attorney's concession of his client's guilt can constitute a failure to subject the prosecution's case to meaningful adversarial testing and thus amount to a deprivation of the constitutional right to effective assistance of counsel. See Hattery, 109 Ill. 2d at 460-65.

In Hattery, the defendant pleaded not guilty to a murder charge, but, during opening statements, one of his trial attorneys told the jury that "[the defense was] not asking [the jury] to find [the defendant] not guilty" but rather was asking the jury to find him ineligible for the death penalty. Hattery, 109 Ill. 2d at 458-59. During the guilt-innocence phase of the trial, the defense presented evidence that could mitigate the defendant's sentence, but it presented no evidence to defend against the charge of murder. Hattery, 109 Ill. 2d at 459. The supreme court held that the defendant's attorneys' representation was ineffective under the rule from Cronic, because the attorneys pursued a strategy--conceding guilt and arguing against the imposition of the death penalty--that was "totally at odds with [the] defendant's earlier plea of not guilty." Hattery, 109 Ill. 2d at 464. The supreme

court held that "[c]ounsel may not concede his client's guilt in the hope of obtaining a more lenient sentence where a plea of not guilty has been entered, unless the record adequately shows that [the] defendant knowingly and intelligently consented to his counsel's strategy." Hattery, 109 Ill. 2d at 465.

The supreme court later limited the reach of Hattery and explained that it did not in that case "hold that it is per se ineffectiveness whenever the defense attorney concedes his client's guilt to offenses in which there is overwhelming evidence of that guilt but fails to show on the record consent by [the] defendant." People v. Johnson, 128 Ill. 2d 253, 269 (1989). Instead, the court in Johnson emphasized that a defendant "faces a high burden before he can forsake the two-part Strickland test" and held that Hattery "must be narrowly construed." Johnson, 128 Ill. 2d at 269, 270. Thus, the court declined to apply the holding from Hattery to a case in which the defendant's counsel conceded his client's guilt of a murder charge but did not concede his client's guilt of related charges:

"It was admitted that the defendant killed [one victim], shot the other victims and took personal property. However, with two of the victims living to testify and a confession by the defendant, the evidence as to these acts was overwhelming. In situations where there is overwhelming evidence of guilt and no defense, if counsel contests all charges he is liable to lose credibility with the trier of fact when it comes to the charges where a legitimate defense exists. Though concession of the murder was made, going to trial did preserve for the defendant matters that a guilty plea necessarily would have waived. Counsel did not concede each element of attempted murder, felony murder, armed violence, aggravated battery, armed robbery, theft and unlawful restraint. *** Unlike Hattery, counsel did not abandon 'even the pretense' of defending his client." Johnson, 128 Ill. 2d at 270.

Defendant asserts that Cronic and Hattery should govern here. Defendant acknowledges that an attorney may in most cases reasonably concede his client's guilt of some but not all charges, but defendant argues that counsel's concession here was tantamount to a concession of his entire case. According to defendant, under the one-act, one-crime rule, he could be convicted of only one of the five charges against him. Defendant asserts that, because forgery was the most serious charge against him, any convictions of theft and deceptive practices would necessarily merge into a forgery conviction. Thus, defendant urges, when his counsel conceded his guilt of forgery, counsel conceded his guilt of the most serious offense, and any defenses to the lesser charges, which would be merged and thus have no legal effect, were meaningless. Defendant concludes from the above that counsel provided no serious challenge to the State's case.

The State disputes defendant's premise: it argues that a conviction of theft would not have merged into a forgery conviction under the one-act, one-crime rule. Accordingly, the State contends that counsel's decision to concede guilt on the forgery counts but preserve a defense against the theft counts did not amount to the type of deprivation of counsel described in Cronic and Hattery. Defendant does not respond to this point.

We agree with the State that defendant could have been convicted of both theft and forgery under the one-act, one-crime rule. The purpose of the one-act, one-crime rule, adopted in People v. King, 66 Ill. 2d 551 (1977), is to prevent the State from carving out multiple offenses from the same culpable conduct. See People v. Harvey, 211 Ill. 2d 368, 389 (2004). The rule provides that a defendant may not be convicted of multiple crimes based on the same physical act. King, 66 Ill. 2d at 566. For purposes of the one-act, one-crime rule, a single act is any overt or outward manifestation that will support a different offense. King, 66 Ill. 2d at 566. As long as there are

multiple acts as defined in King, their interrelationship does not preclude multiple convictions. People v. Rodriguez, 169 Ill. 2d 183, 189 (1996).

In order to secure a conviction of forgery as charged, the State was required to prove beyond a reasonable doubt that, with the intent to cause another to transfer, alter, or terminate any right or power over property (720 ILCS 5/17--3(b) (West 2006)), defendant knowingly either (1) made or altered a document so that it appeared to have been made by another or with another's authority (720 ILCS 5/17--3(a)(1) (West 2006)) or (2) issued or delivered such a document with knowledge of its lack of authenticity (720 ILCS 5/17--3(a)(2) (West 2006)). The overt acts supporting the charges of forgery were defendant's creating the check, represented it as his own, and tendering the check to the dealership, with the intent to obtain the truck. In order to secure a conviction of theft, the State was required to prove beyond a reasonable doubt that defendant knowingly "[o]btain[ed] by deception control over property of the owner." 720 ILCS 5/16--1(a)(2) (West 2006). The overt act that would have supported a theft conviction would have been defendant's taking control of the truck. This was an act separate from the acts of creating and tendering the check. Cf. People v. McCreary, 123 Ill. App. 3d 880, 884 (1984) (one-act, one-crime rule allows convictions of burglary and theft because they are supported by separate acts, even though burglary is defined as unlawful entry with intent to commit a theft).

Based on the above, we conclude that the one-act, one-crime rule would not have precluded defendant's being convicted of both forgery and theft. Accordingly, we disagree with defendant's position that his counsel's conceding his guilt of forgery but preserving a defense to theft served no possible purpose, and we further disagree with defendant that his counsel's concession amounted to

a failure to subject the State's case to adversarial testing. We therefore reject defendant's argument that he was deprived of effective assistance of counsel.

Defendant second argues that his conviction of deceptive practices must be vacated under the one-act, one-crime rule because it is based on the same act as his forgery conviction. The State concedes that defendant is correct under the one-act, one-crime rule as it is currently articulated, but it asks that we hold this appeal in abeyance while the supreme court considers a case in which the State urges departure from the one-act, one-crime rule. See People v. Artis, 377 Ill. App. 3d 216 (2007), appeal allowed, 226 Ill. 2d 618 (2008). We decline the State's invitation. As defendant notes, our supreme court has repeatedly reaffirmed the doctrine. See, e.g., Harvey, 211 Ill. 2d at 368; People v. Lee, 213 Ill. 2d 218 (2004). Until the supreme court departs from the one-act, one-crime rule, we will follow it. The application of the rule here dictates that defendant's deceptive practices conviction be vacated.

Defendant further argues that the one-act, one-crime rule precludes his multiple convictions of forgery. We encounter difficulty on this point, because the record is inconsistent as to the offenses of which defendant was convicted. Directly after the bench trial on this matter, the trial court stated (in open court and in a written order) that defendant was guilty of two counts of forgery and one count of deceptive practices. However, the sentencing order indicates sentences based on one conviction each of forgery, theft, and deceptive practices, and an inmate status report contained in the record on appeal in case No. 2--07--1062 indicates convictions of forgery, theft, and deceptive practices.

The parties appear to agree that the trial court's order directly after trial reflected its true intent. In its brief, the State urges us to "affirm both forgery convictions" and thus assumes that the

trial court's first order is controlling.  In his brief, defendant states that "the trial court clearly erred when it indicated on the sentencing order that it had convicted [defendant] of theft rather than a second count of forgery."  We agree with the parties, and we therefore address the question of whether two convictions of forgery were proper under the one-act, one-crime rule.

As noted, the State charged defendant with forgery under two separate provisions of the Criminal Code of 1961 (Code).  The first charge, under section 17--3(a)(1) of the Code (720 ILCS 5/17--3(a)(1) (West 2006)), required proof that defendant made or altered a document in such a manner that it purported to have been made by another or by the authority of one who did not give such authority.  The second charge, under section 17--3(a)(2) of the Code (720 ILCS 5/17--3(a)(2) (West 2006)), required proof that defendant issued or delivered such a document knowing it to have been so made or altered.

Defendant and the State have both found Illinois case law to support their respective positions.  Defendant directs us to People v. Oliva, 30 Ill. App. 3d 194 (1975).  There, the defendant was convicted under previous versions of sections 17--3(a)(1) and 17--3(a)(2), but the State conceded that only one of the two convictions could stand.  Oliva, 30 Ill. App. 3d at 194-95.  Without any further discussion of the issue, the court reversed and remanded the cause with directions to vacate one of the two convictions.  Oliva, 30 Ill. App. 3d at 195.  Because it offers no discussion on the issue now presented, and because its holding was based on a concession from the State, we take very limited guidance from Oliva.

For its part, the State directs us to People v. Horrell, 381 Ill. App. 3d 571 (2008), appeal allowed, 229 Ill. 2d 642 (2008).  In Horrell, the defendant argued, just as defendant here argues, that the one-act, one-crime rule does not allow an accused to be convicted of forgery under both section

17--3(a)(1) and section 17--3(a)(2). Horrell, 381 Ill. App. 3d at 573. After summarizing the one-act, one-crime rule, and stating the standards governing a court's interpretation of a statute, the court concluded that the one-act, one-crime rule allowed both convictions:

"[T]he defendant was charged under section 17--3(a)(1) with the physical act of making the checks. Under section 17--3(a)(2), the defendant was charged with the separate physical act of delivering the forged checks. The act of making the checks was a different outward or overt manifestation from the act of delivering the checks. These separate physical acts support different offenses." Horrell, 381 Ill. App. 3d at 574.

Defendant criticizes Horrell on two grounds. First, defendant argues that the court erred in relying on the rules for statutory interpretation, because, according to defendant, "the question of one-act, one-crime is not concerned with legislative intent." We do not agree with this criticism. Horrell relied on rules for statutory construction not because the text of the statute alone, without reference to the particular act or acts involved in the case, controls the one-act, one-crime analysis. Rather, Horrell cited those rules because it had to interpret the meaning of the two provisions of the forgery statute in order to determine whether both provisions could support convictions based on the separate acts of creating and delivering fake checks. We consider this method of analysis appropriate.

Second, in an argument somewhat contradictory to his first criticism of Horrell, defendant asserts that the legislature did not intend to provide for multiple convictions of a defendant who creates and delivers a false document. According to defendant, "[h]ad the legislature criminalized only the creation of the fraudulent document, one who *** delivered it *** may evade punishment" and vice versa. Thus, defendant contends, sections 17--3(a)(1) and 17--3(a)(2) "essentially ensure[] that a defendant is properly charged based on the stage of the process the defendant occupies." We

agree. The forgery statute criminalizes both the creation and the delivery of a fraudulent document, so that a defendant involved in either step may be prosecuted. However, defendant here was involved in both steps, and he accomplished each step by a separate act. We agree with Horrell that these separate acts can support separate convictions, and we reject defendant's argument to the contrary.

We agree with defendant that his conviction of deceptive practices should be vacated under the one-act, one-crime rule. Therefore, we do not reach his argument that we should reverse his deceptive practices conviction because the governing statute is unconstitutional. Based on the above discussion, we reverse and remand the cause in case No. 2--07--0396, with instructions that defendant's conviction of deceptive practices be vacated. Because defendant was convicted of two counts of forgery, but sentenced for one count of forgery and one count of theft, we also instruct that the discrepancy be reconciled on remand and that defendant be resentenced accordingly.

In case No. 2--07--1062, defendant argues that the trial court erred in dismissing his postconviction petition at the first stage of proceedings under the Act.[1] The Act provides a remedy for defendants who have suffered substantial violations of their constitutional rights. People v. Edwards, 197 Ill. 2d 239, 243-44 (2001). Under the Act, a postconviction proceeding not involving

---

[1]Defendant's petition stated that it was brought pursuant to both the Act and section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2006)). However, the trial court appears to have treated the filing as a postconviction petition, and the parties raise no issue on appeal regarding section 2--1401. Defendant also filed a separate section 2--1401 petition, apparently on the same day as the postconviction petition we now consider on appeal. Comments from the parties on the record indicate that the trial court has held consideration of that petition in abeyance pending the outcome of this appeal.

the death penalty contains three stages. Edwards, 197 Ill. 2d at 244. At the first stage, the trial court must independently review the postconviction petition within 90 days of its filing and determine whether the petition is frivolous or patently without merit. Edwards, 197 Ill. 2d at 244. If the court determines that the petition is frivolous or patently without merit, the court must dismiss the petition in a written order. Edwards, 197 Ill. 2d at 244. A petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the gist of a constitutional claim. Edwards, 197 Ill. 2d at 244.

Defendant asserts that the allegations in his postconviction petition, taken as true, stated the gist of at least one constitutional claim. (Defendant highlights his allegations that he received improper admonishments during sentencing and that his counsel was ineffective for failing to file a motion to reconsider his sentences, failing to file a notice of appeal, and failing to challenge his conviction of deceptive practices.) He observes that the trial court did not contest the merit of his claims, but instead dismissed his petition as moot because we had allowed defendant to file an appeal in which all of defendant's claims could be raised. Defendant argues that the trial court could not rely on mootness as a basis for the first-stage dismissal of his petition.

We find our supreme court's decision in People v. Blair, 215 Ill. 2d 427 (2005), to be instructive here. There, our supreme court considered whether a trial court could dismiss a postconviction petition at the first stage based on res judicata or forfeiture. The supreme court first held that, when the legislature used the phrase "frivolous or *** patently without merit" to describe the type of petition that could be dismissed at the first stage of postconviction proceedings, it meant to include petitions barred by res judicata or forfeiture, because both cause an otherwise meritorious claim to have "no basis in law." Blair, 215 Ill. 2d at 445. The court buttressed its holding by

referencing section 122--2.1(c) of the Act (725 ILCS 5/122--2.1(c) (West 2002)), which provided that, when evaluating a petition at the first stage of postconviction proceedings, a trial court " 'may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding.' " Blair, 215 Ill. 2d at 446, quoting 725 ILCS 5/122--2.1(c) (West 2002). In the supreme court's view, section 122--2.1(c) did not "limit a court's review of the record and appellate court ruling to determine if only the petition's factual allegations are rebutted." Blair, 215 Ill. 2d at 446. "Rather, on the basis of facts and legal rulings that are ascertainable from the court file, appellate court action, and any transcripts, a court may also determine if legal claims have been decided or could have been raised, thus rebutting the claims contained in the petition." Blair, 215 Ill. 2d at 446.

Although Blair considered res judicata and forfeiture, its reasoning provides strong guidance on the closely analogous question of whether a trial court may rely on mootness to dismiss a postconviction petition at the first stage of the proceedings. Indeed, res judicata and mootness consider very closely related questions: res judicata bars claims "that were *** raised and decided on direct appeal" prior to the defendant's filing his petition (Blair, 215 Ill. 2d at 443), while, at least in the context of this case, mootness bars claims that are raised on direct appeal after the defendant's filing his petition. Both issues can be settled by " 'examin[ing] the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding[s].' " Blair, 215 Ill. 2d at 446, quoting 725 ILCS 5/122--2.1(c) (West 2002). Further, both doctrines will render frivolous an otherwise meritorious claim. In short, the mootness doctrine shares with the doctrine of res judicata all of the features that led our supreme court to hold that a trial court could consider res judicata at the first stage of postconviction

proceedings. Accordingly, based on <u>Blair</u>, we conclude that the trial court did not err in relying on mootness to dismiss defendant's postconviction petition.[2]

For the foregoing reasons, in case No. 2--07--0396, we affirm defendant's forgery convictions but remand the cause with instructions that defendant's conviction of deceptive practices be vacated. Because defendant's convictions of two counts of forgery do not match his sentences based on one count of forgery and one count of theft, we also instruct that, on remand, the discrepancy between his convictions and sentences be reconciled and defendant be resentenced accordingly. In case No. 2--07--1062, we affirm the trial court's first-stage dismissal of defendant's postconviction petition.

No. 2--07--0396, Affirmed in part and vacated in part; cause remanded with directions.

No. 2--07--1062, Affirmed.

ZENOFF, P.J., and BOWMAN, J., concur.

---

[2]We note that the practical significance to defendant of our holding is negligible, because the issues he identifies as meritorious either have been addressed in case No. 2--07--0396 or, as to his allegations regarding the sentencing hearing, may be addressed and remedied on remand.